THE NATIONAL FIRE INSURANCE COMPANY *vs.* LOOMIS and others.

LOOMIS *vs.* THE NATIONAL FIRE INSURANCE COMPANY.

An agent for the complainants, in a foreclosure suit, may bid upon the property, for his principals, in his own name, without giving notice to other bidders that he is not bidding for himself, but for the complainants.

Where an agent bids off property in his own name, at a master's sale under a decree, without disclosing to the master that he is bidding for another person, he is personally responsible for the completion of the purchase.

The principle upon which the employment of puffers, at a sale by auction, is disallowed, is that they are not real bidders, but the instruments of the vendor to deceive the other bidders. But the principle is not applicable to a master's sale of property, under a decree, where the complainant is authorized to bid upon the property, at the sale, and is bound to take the property if bid off by him, or by his agents for him.

Any person who is a real bidder at a judicial sale, may bid either in person or by his agent duly authorized.

The revised statutes do not require a contract, for the sale of real estate, to be signed by the purchaser thereof; but only by the party by whom the sale is to be made.

And it seems the master's report of a sale made by him, or any written memorandum of the sale containing the requisites of the statute, and subscribed by him, is a sufficient compliance with the statute to render such sale valid and binding upon the purchaser.

An announcement by the master, after the property has been struck off, at a sale made by him, that if the purchaser does not comply with the terms of the sale the property will be resold at his expense, does not discharge the purchaser from his bid.

The National Fire Insurance Company *v.* Loomis.

This' case came before the chancellor, upon appeal. The facts are sufficiently stated in his opinion, to understand the only legal questions arising in the case.

*C. P. Kirkland & J. Van Buren,* for the appellants.

*W. M. Evarts & J. A. Spencer,* for the respondents.

The Chancellor. This is an appeal from an order of the vice chancellor of the fifth circuit, denying the application of the appellants, Monroe, Herkimer, Haight and Usher, to set aside the sale to them, under the decree in these causes. For the reasons stated in the opinion of the vice chancellor, I think there was no fraudulent combination between the agents of the complainants in the first of these causes, to raise the property above its real value. One of the standing rules of the court having directed that a provision should be inserted in every decree of sale, of mortgaged premises, that the complainant, or any other party to the suit, may become a purchaser at such sale, it was wholly unnecessary for the master to give notice that the decree was in the usual form. Nor were the agents of the insurance company bound to give notice, to other persons, that they were not bidding for themselves; any more than the appellants, Herkimer, Haight and Usher, were bound to proclaim that they were not bidding for their own benefit, but for the benefit of the appellant Monroe. But if they had bid in the property in their own names, without apprising the master for whom they were bidding, they would have rendered themselves personally responsible for the completion of their several purchases.

The principle upon which the employment of puffers, by the person for whom a sale at auction is made, is disallowed, as a fraud upon fair purchasers, is that the persons who thus bid are not in fact real bidders, but are the mere instruments of the vendor to deceive the other bidders. But this principle does not apply to a master's sale under a decree, where the persons bidding, either for themselves or as the agents of another, are bound to take the property purchased, either for themselves or their

principal. Any person who is a real bidder, at a judicial sale, has a right to bid either in person or by his agent duly authorized. And I know of no principle which renders it necessary that a person bidding at an auction, as the agent of another, should disclose, to other bidders, the name of the person for whom he is bidding ; unless the person for whom he acts is the vendor, who is professedly selling the property instead of buying it. Here it was a matter of no consequence to other bidders, whether the agents of the insurance company, who were strangers, bid in their own names, or as the agents of the corporation which was authorized to purchase at the sale. And it is wholly improbable that either of the appellants, who appear to have been well acquainted with the property, were induced to give more than they believed the property was worth, merely because they saw two strangers bidding upon it, without disclosing the fact that they were bidding for the insurance company. Both of these agents swear that they had obtained estimates of the value of the several pieces of property, and that they intended in good faith to purchase the property, for the company, if it was not sold for more than the maximum prices which they had fixed for their limits. And even if they occasionally bid against each other, by mistake, that was no fraud upon other bidders ; but it was an injury to the company for which they were acting, if the company, in consequence of such overbidding each other by its agents, gave a larger price for the property bought by such agents.

The question whether a master's sale is within the present statute of frauds, is one which does not properly arise upon this application. For if the petitioners were not bound by their bids, all they had to do was to refuse to complete their purchases ; instead of applying to the court to set aside the sales which were not binding upon them. It may be proper to remark, however, that the present statute of frauds does not require the written contract or memorandum of the sale to be signed by the purchaser of real estate ; but it is required to be subscribed by the party *by whom the sale is to be made.* (2 *R. S.* 135, § 8.) The written report of the master by whom the sale is made, sta-

ting the terms of the sale, the names of the purchasers, and the price bid, and subscribed by such master, or any other note or memorandum containing the requisites of the statute, and signed by the master, would therefore, probably, be a literal compliance with the terms of the statute, if sales by masters are in fact within the statute.

The announcement, by the master, that the property would be put up and resold, at the expense of the purchasers, if they did not comply with the terms of the sale, could not have the effect to discharge them from their purchases. The vice chancellor was therefore right in refusing to discharge the appellants from their purchases. And the order appealed from, must be affirmed with costs.