ANTHONY J. BLEECKER v. HENRY L. FRANKLIN.

Where the terms of a sale made by an auctioneer require that his fees should be paid by the purchaser, he may maintain an action against the purchaser, for such fees, in his own name.

On a sale of real estate, if a memorandum of the contract of sale, containing the requisites prescribed by the statute of frauds, be signed by the *vendor*, or his authorized agent, it is not essential to the validity of the contract, that there should also be a memorandum subscribed by the *purchaser*.

THE plaintiff recovered a judgment in the Fourth District Court, for fees as auctioneer, against the defendant, who had purchased certain lots at an auction conducted by the plaintiff. Previous to the sale, the plaintiff was constituted the owner's agent, and authorized to sell, by a letter from the owner, stating particularly his terms. A memorandum, fully complying with the requirements of the statute of frauds, was signed by the plaintiff. Nothing, however, was subscribed by the purchaser. The terms of sale required " ten per cent. to be paid to the seller on the day of sale, and, to the auctioneer, his fee of $10 on each avenue lot, and $5 on each street lot; twenty per cent. to be paid to the seller on the delivery of the deed, the balance on bond and mortgage, on or before three years."

The case came up on the defendant's appeal.

*Henry L. Clinton* and *Jos. T. Mills*, for the plaintiff.

*William Hayes*, for the defendant.

By THE COURT. WOODRUFF, J.—By our present statute of frauds, a contract for the sale of lands is void, unless in writing, subscribed by the party "by whom the sale is to be made, or by his agent lawfully authorized." There is nothing in this language which imports that the *purchaser* must sign the contract, nor do I think that any such inference arises therefrom, or from any other principles applicable to the subject.

The chancellor, in *Coles* v. *Brown*, 10 Paige, 537, recognizes the distinction between the signing necessary to hold the purchaser and that which is requisite to bind the seller. In that case, he holds that a signing by the *seller*, or his agent, containing the particulars required by the statute, is necessary, and that a mere entry of a memorandum of the names of the purchaser and seller in the auctioneer's books, is not sufficient. And in *The National Fire Ins. Co.* v. *Loomis*, 11 Paige, 433, he says, expressly, "The present statute of frauds does not require the written contract or memorandum of the sale to be signed by the *purchaser* of real estate." The two cases are in perfect harmony, and, I have no doubt, exhibit the true construction of the statute. If, then, the seller was bound by the sale in this case, so was the purchaser—the defendant.

Mr. Tallman, the owner of the lots, had addressed a formal letter to Mr. Bleecker, the auctioneer, specifying, with particularity, his authority to sell the lots, and the terms of the sale, and referring to the lots to be sold. This was duly subscribed by Mr. Tallman, the seller, and constituted Mr. Bleecker his agent. This letter was read to the bidders; and a particular account of the lots, the prices bidden, and the names of the purchasers were taken down by the auctioneer's clerk, and, at the end, Mr. Bleecker (thus constituted the agent of the seller) subscribed it, in testimony of the seller's

assent to the sale. I cannot doubt that this was a sufficient signing by the seller or his agent. It is entirely clear of the doubt sometimes raised, whether the *authority* of the *agent* must be in writing and signed. Here the authority was in writing, and signed by the principal, and the memorandum of the contract of sale was subscribed by such agent. The contract was, therefore, binding on both parties.

The only remaining question is, can Mr. Bleecker maintain an action in his own name for his fees?

*In terms*, the contract stipulated that those fees should be paid to him. This was a promise made exclusively for his benefit. He was a party to the consideration, in that he rendered his services upon that condition. He was beneficially interested in its performance. If there were doubts of his right to maintain the action upon any technical view of the subject, there is none under a system which requires an action to be brought in the name of the real party in interest. Indeed, I doubt very much whether Mr. Bleecker could recover from Mr. Tallman those fees. It was a condition of his employment, and of the sale, that the purchaser should pay the fees to the plaintiff; and a sale made by the plaintiff without requiring that payment, would not pursue the authority, nor entitle the plaintiff to be paid at all.

I think that the terms of sale created an entire privity of contract between the plaintiff and defendant, and that in every point of view the action was well brought.

Judgment affirmed, with costs.