## PITKIN v. ROBY.

Under section 78 of chapter 186 of the Revised Statutes, which provides that "no action shall be abated by the plea that there are other plaintiffs or defendants who ought to be joined therein, but such persons may be made parties to the action upon such terms as the court shall order;" the plaintiff may be allowed to amend his writ by adding new plaintiffs or defendants whenever his action would fail or be liable to fail without such new parties, in whatever form the objection might be liable to be made.

ASSUMPSIT on a count for goods sold and delivered by the plaintiff, James A. Pitkin, to the defendant. The plaintiff moved to amend his writ by inserting the name of Benjamin R. Gilman as a plaintiff, and declaring for goods sold and delivered by James A. Pitkin and Benjamin R. Gilman as partners under the firm and style of Pitkin & Gilman. The defendant objected to the amendment, but the same was allowed by the court, and the defendant excepted; and the question of law was reserved.

*Ladd*, for the plaintiff.

*Ramsey*, for the defendant.

SARGENT, J. The Revised Statutes (ch. 186, sec. 18, Comp. Stat. 481) provide that " no action shall be abated by the plea that there are other plaintiffs or defendants who ought to be joined therein, but such persons may be made parties to the action upon such terms as the court shall order, and shall be summoned, &c., and the action shall thereafter proceed as if their names were inserted in the original writ." And the question is, whether the amendment proposed in this case can be properly made by force of its provisions. At

common law, such amendments could not be made in actions of assumpsit. 1 Chitt. Pl. 13 ; Tidd's Practice 361 ; *Chandler* v. *Parker,* 3 Esp. 76 ; *The Commission Co.* v. *Russ,* 8 Cow. 122 ; *Redington* v. *Farrar,* 5 Greenl. 379 ; *Treat* v. *McMahon,* 2 Greenl. 120 ; *Winslow* v. *Merrill,* 11 Maine 127 ; *Goddard* v. *Pratt,* 18 Pick. 434. ·

But although our statute allows a departure from the common law rule in this particular, adding either plaintiffs or defendants by way of amending the declaration, yet it is claimed here that by the terms of this section of the statute, such amendments can only be made when a plea in abatement is actually interposed, based upon the non-joinder of plaintiffs or defendants, and that where no such plea is interposed, the court has no power by virtue of the provisions of this section to allow such an amendment.

In *Gove* v. *Lawrence,* 24 N. H. 128, *Woods,* J., in speaking of this provision of the statute, said, " By the literal interpretation of this section, it is only when a plea in abatement is interposed for the reason of the non-joinder of plaintiffs or defendants, that the court are empowered, upon application, to allow an amendment such as is asked for in the present case. Whether the act is to be thus limited in its interpretation, or whether it may not have been found to have properly a wider application, and to extend its power for relief to all cases of non-joinder of parties in which advantage may be taken upon motion for a nonsuit, or in arrest of judgment, or upon error, as well as by plea in abatement, we need not now inquire."

It would seem to be apparent that the intention of the legislature was by this statute to give the same relief in case of the non-joinder of plaintiffs and of defendants, to afford a remedy in one class of cases co-extensive with that provided for the other class. Yet this would not be so, if the statute is to receive the literal construction alluded to, because the authorities would seem to be uniform that the omission of one who should be joined as defendant in an action founded upon contract, must be taken advantage of by plea in abatement. To be sure, the older authorities make one exception to this rule, that where it expressly appears on the face of the declaration or some other pleading of the plaintiff, that the party is still living, as well as that he jointly contracted, in that case the defendant may demur, or move in arrest of judgment, or sustain a writ of error ; but it would seem that this exception has been modified, so that it must now appear that the party is within the jurisdiction of the court. 1 Chitt. Pl. 46 ; 1 Saund. Pl. & Ev. 14, and authorities cited ; *Merrill* v. *Coggill,* 12 N. H. 104 ; *Burt* v. *Stevens,* 22 N. H. 229 ; *Merrill & Fuller* v. *Elliott,* Merrimack County, December Term, 1847, cited in *Burt* v. *Stevens,* 22 N. H. 233 ; *Olcott* v. *Little,* 9 N. H. 259.

But on the other hand, the authorities are equally uniform that in such actions, if it appear on the face of the pleadings that there are other obligees, covenantees, or parties to the contract, who ought to be, but are not, joined as plaintiffs in the action, it is fatal on demurrer, or on motion in arrest of judgment, or on error. And though the objection may not appear on the face of the pleadings, the defendant may avail himself of it, either by plea in abatement,

or as a ground of nonsuit on the trial, as a variance, upon the general issue. 1 Chitt. Pl. 14; 12 Petersd. Ab. 752–754; Bull. N. P. 152; *Neeley* v. *Moulton,* 12 N. H. 485, and cases cited; *Gove* v. *Lawrence,* 24 N. H. 128; Gould. Pl., ch. 5, sec. 114.

Therefore if this statute is construed literally, the defendant, when sued on a contract in which there was a joint contractor with him, who is not joined, may plead the non-joinder in abatement, whereupon the plaintiff may amend his writ by joining him as defendant. If he does not thus plead the non-joinder, he can take advantage of it in no other way, but judgment will be rendered against him alone. But suppose the plaintiff omits to join a co-obligee, as in this case, the plaintiff has no remedy unless the defendant shall plead in abatement, and then he can have leave to amend. But this the defendant will never do, of course, because he can as well, by neglecting to plead in abatement, deprive the plaintiff of the right to amend, and then he can avail himself of all his legal rights another way just as well, by demurrer, by motion in arrest of judgment or on error, if the objection appears on the face of the pleadings; and if it does not thus appear, he may elect either to plead in abatement, which he would not do, or may plead the general issue, and move for a nonsuit upon the trial on the ground of a variance between the declaration and the proof; as the defendant will no doubt do in this case, if the plaintiff is not allowed to amend. This would seem to be making a wide difference between the non-joinder of a co-plaintiff and a co-defendant; and not only so, but this construction of the statute would seem to be giving the defendant, in all this class of cases, the privilege not only of managing his own side of the case, but, to a great extent, that also of the plaintiff, his opponent.

We can not believe that this was the intention of the legislature when they made this departure from the rule of the common law; but they intended, we think, to make a new rule, which should apply to plaintiffs and defendants alike, and which should not only give the plaintiff the right to amend his writ when the defendant pleads in abatement, but also when he would take advantage of the non-joinder of either plaintiffs or defendants in any of the ways in which he might legally take that advantage. Nor is there any good reason why the plaintiff should wait until the defendant interposes his plea or his objection. If he is then to be allowed to amend, he may as well be allowed to amend on motion, in order to avoid the objection which might otherwise be made.

We find an authority in *Goddard* v. *Pratt,* 16 Pick. 212, which bears upon this point, where, under the statute of 1833, which provides that "at any time before issue joined on a plea of non-joinder of a party as defendant in an action founded on debt or contract, the plaintiff may on motion be allowed to amend his writ and declaration by inserting therein the name of any other person as defendant," it was held that a plaintiff may be allowed to insert the name of a person as defendant, although no plea of non-joinder shall have been filed; and the reasoning of *Shaw,* C. J., who delivered the opinion in that case (as found on pages 434 and 435 of the volume cited), is applicable to the case before us, and sustains the view we

have here taken.   He there lays down the rule to be applied in the construction of remedial statutes, as being that the remedy shall be held to be co-extensive with the mischief, if this can be clearly discerned, and if it can be done without violence to the language.

If we may suppose in the case before us that the legislature used the words "abated" and "plea" in the first line of the section of our statute which we are considering, in the sense in which they are ordinarily used and understood, instead of a strictly technical legal sense, then, according to the authority of Webster and other lexicographers, we do no violence to the language of the statute, in the construction we give it, used in that sense, and this provision is simply that no action or suit shall fail on account of the defense or objection that there were other plaintiffs or defendants, who ought to be joined, &c., and we think it was evidently the intention to give the plaintiff the right to amend his declaration by adding new plaintiffs or defendants whenever his action would fail or be liable to fail for the want of them, in whatever way the objection of non-joinder might be liable to be made.   Nor does this statute conflict with our rule No. 16, with this construction, any more than it would with the other, for the rule applies as well to cases in which there is a technical plea in abatement, as to those where the amendment is sought upon other grounds.   Here is no change in the form of the action.   It is assumpsit still.   Nor is the cause of action changed.   The plaintiff now seeks to recover the same account and the same specific items of account that the suit was first brought to recover.   Of this the court must have been satisfied, or they would not have allowed the amendment.   The exceptions are overruled, and

*The amendment allowed.*