Bicknell agt. Byrnes.

## SUPREME COURT.

GEORGE F. BICKNELL agt. JAMES BYRNES and others.

In *sales of mortgaged premises* under a decree of foreclosure, it is not essential to the validity of the sale that the *purchaser sign the memorandum* of sale. The signature of the *officer* to the memorandum is sufficient to make the sale *valid* under the statute of frauds. But where a memorandum of sale is not signed by the *officer* making it, the sale is *invalid*, and no sale is made.

When the time for selling pursuant to notice has passed, and no valid sale has been made, or if valid the party elects to disregard it, the officer cannot again sell without an order of the court, *unless he again advertise the sale*. If the advertisement of re-sale is made, an order of the court is unnecessary, and the re-sale, if otherwise conducted in conformity to the rules regulating such sales, will be held valid. How and in what manner such sales should be conducted.

*Jefferson County Special Term, September*, 1862.

THIS was an action to foreclose a mortgage. None of the defendants appeared, and judgment of foreclosure was obtained in the usual manner for a sale, &c. The sheriff of Oneida county duly advertised the premises to be sold April 21st, 1862. A stranger to the suit attended the sale, and bid off the premises for the amount of the judgment and expenses. No memorandum of the sale was made or signed by the bidder. The purchaser refused to complete his purchase on the ground that he had been deceived in the condition of the premises; and the sheriff, after a delay of two weeks, re-advertised the premises, and sold the same on the 5th day of July. The sheriff's report of sale was filed in the proper clerk's office, and after a delay of eight days an execution was issued for the deficiency reported, without application to the court, and a levy made thereon.

The defendant made a motion to set aside the sale of July 5, the sheriff's report of sale, and the execution and levy, on the ground that plaintiff's practice was irregular: 1st. That second sale was made without application to the court, and without any order for a re-sale, and without

notice to defendant. 2d. That no order confirming said second sale was made and entered, and that no order was made adjudging a deficiency and its amount, and authorizing an execution.

> A. H. BAILEY, *for motion, cited Hoffman's Mast. in Ch.*, 218, 220, 235 ; 8 *Howard*, 117 ; 10 *Paige*, 115, 359, 247.
>
> G. F. BICKNELL, *opposed, cited Rule 73, Supreme Court Rules;* 2 *Monell's Practice*, 246 ; 10 *Paige*, 41 ; 4 *John. Ch. R.*, 658 ; 3 *Edwards' Ch. R.*, 338 ; 3 *id.*, 298 ; 13 *How.*, 72 ; 3 *R. S.*, 272, § 83 ; 8 *Paige*, 480 ; 8 *How.*, 66 ; 2 *Barb. Ch. P.*, 185 ; 2 *Monell's P.*, 247; *Van Santvoord's Eq. Pr.*, 619 ; 10 *Paige*, 117 ; *Rule* 110, *Ch. Rules* 1844 ; *Code*, § 469 ; *Supreme Court Rules*, 93 ; 2 *Monell's P.*, 235 ; *Supreme Court Rules*, 32 ; *Van Santvoord's Eq. Pr.*, 566, 619.

MULLIN, Justice. By rule 73, sheriffs and referees are required to give notice of the sale of mortgaged premises in the county, for the same time and in the same manner as required by law on sales of real estate by sheriffs on executions. Rule 74 directs when the premises shall be sold in gross or in parcels. With the exception of these rules, the officer conducting the sale is left without definite instructions as to the mode of performing his duty. It is his duty, at the time and place of sale, 1st. To announce the terms of sale, if they are not contained in the notice of sale. 2d. To offer the premises to the highest bidder, and receive bids—so long as they are offered, waiting a reasonable time after a bid is made, for another, and if no other is made, to strike off the premises to the highest bidder. 3d. After marking down the premises to the highest bidder, to require him to sign a memorandum of the sale, and agreeing to complete the same. (1 *Barb. Ch. Pr.*, 528.) 4th. If at the time appointed for the sale, there are

no bidders, or if from the numbers in attendance, or other sufficient cause, the officer is satisfied that a fair price can not be obtained, it is his duty to postpone the sale, and not sacrifice unnecessarily the property.

In sales of mortgaged premises under decree of foreclosure, it is not, I apprehend, essential to the validity of the sale, that the purchaser sign the memorandum suggested above. In these sales, as in all others at public auction, the signature of the officer to the memorandum of sale is sufficient to make the sale valid under the statute of frauds. (*McComb* agt. *Wright*, 4 *John. C. R.*, 659 ; *National Fire Ins. Co.* agt. *Loomis*, 11 *Paige*, 431.)

In the last case, the chancellor suggests a doubt whether masters' sales are within the statute of frauds. If any sale at auction is within the statute, I can perceive no reason for making masters' sales under the former practice, or referees' or sheriffs' sales under the new, exceptions to the general rule. In the case of *McComb* agt. *Wright*, (*supra*,) Chancellor KENT held auction sales within the statute, and void, unless a memorandum of the sale was signed by the auctioneer.

If signing a memorandum is necessary to make a sale valid, the first sale in this case was invalid, and no sale was made. When a sale valid by the statute of frauds is made, but is not binding for some other sufficient reason, it is the duty of the officer to insist on performance by the purchaser, leaving him to obtain relief from the court.

If by the terms of sale the money is to be paid down, and the purchaser does not on demand pay the money, the officer may at once proceed and offer the premises again for sale. But if the day is permitted to pass without adjournment, and the purchaser neglects to complete his purchase, the officer may proceed and re-advertise and re-sell the premises as if no sale had been made, or may insist upon its validity, and sue for the purchase money.

When the time for selling pursuant to notice has passed,

and no valid sale has been made, or if valid the party elects to disregard it, he cannot again sell without the authority of the court, unless he again advertise the sale. Unless this is done, the grossest injustice would be practiced. The mortgagor or other person interested in the premises, attends at the time fixed for the sale, and a sale upon satisfactory terms is made, and he leaves. If thereafter, without notice, the party foreclosing can abandon the sale and make a new one, he may create just such an amount of deficiency, or he may purchase the premises at just such a price as he deems proper. Such a practice can not be tolerated.

In this case a second notice of sale was given, and the sale had in conformity to the rules regulating such sales. I am therefore of opinion that the first sale was void, and the second one regular and valid.

It is provided by the Revised Statutes (3 *R. S.*, 272, § 83,) that when a bill shall be filed for the satisfaction of a mortgage, the court shall not only have the power to decree and compel the delivery of possession of the mortgaged premises to the purchaser, but on the coming in of the report of sale the court shall also have power to decree and direct the payment, by the mortgagor, of any balance of the mortgage debt that may remain unsatisfied after a sale of the premises, in the cases in which such balance is recoverable at law, and for that purpose may issue the necessary executions, &c.

The chancellor, in order to give effect to this provision, prescribed a form of order for sale of mortgaged premises on a bill taken as confessed, (*Precedent No.* 14, *Rules of* 1834 ;) and in that order it was ordered, adjudged and decreed, that if the moneys arising from the said sale are insufficient to pay the amount so reported due to the plaintiff, with the interest and costs as aforesaid, that the said master specify the amount of such deficiency in his report of the sale, and on the coming in and confirmation of the said

report, the defendant pay to the complainant the amount of such deficiency, with interest, &c., and that the complainant have execution therefor.   Under the former practice there was no other judgment or decree for the deficiency, and execution issued for it without any application to the court after confirmation of the report of sale.   I am not aware of any changes of the form of judgment by virtue of any statute, rule or decision.   The judgment under the present system of practice contains, so far as I have had an opportunity of observing, the same provisions in reference to the deficiency as was prescribed by the chancellor.

There is not, therefore, any necessity for any application to the court for judgment against the mortgagor for the deficiency.   The execution issues on the judgment of foreclosure, when that judgment contains the clause above referred to ; and the judgment in this case is in conformity to the precedent.

A report of sale becomes confirmed in eight days from filing, unless excepted to pursuant to rule 32, and no application to the court for confirmation is necessary.

The court may, and when there is no surplus it is proper for it to confirm by order the report of sale.   But when there is a surplus, to order confirmation before the expiration of the eight days, without notice to those having claims to the surplus, may lead, and indeed it has led, to the most flagrant abuses.

I am of opinion that the proceedings of the plaintiff are regular.