Aug. 13, 1875.                          BRYANT *v.* WELLS.

*Action by undisclosed principal upon contract of agent—Entirety of contract.*

A, acting as the agent of B and C, who were tenants in common of certain real estate, leased the same to the defendant by a contract not under seal, made in his own name, and did not disclose his agency or the state of the title to the premises demised:—*Held*, that an action to recover the rent might be maintained in the name of B and C;—*held*, also, that the contract was entire, and that the principals must join in the action.

FROM GRAFTON CIRCUIT COURT.

ASSUMPSIT, for use and occupation. Plea, the general issue with a set-off. The action was sent to a referee, who heard the parties, and made a report in favor of the plaintiff. At the request of the parties he also reported the following facts, and his rulings upon questions of law : One Betsey H. Bryant, by her deed dated January 31, 1867, conveyed to the plaintiff two undivided third parts of the rented premises, upon condition to be void upon the performance by said Betsey of the condition of her bond of the same date for the support and maintenance of the plaintiff. Said plaintiff entered upon the premises and took possession of said two thirds part thereof, for condition broken, prior to April 15, 1873, and was in possession thereof on that day. There was no evidence of title to the remaining one third part of said premises in anybody, except that it appeared, and the referee finds, that on said April 15 one Cummings was in possession claiming to own the same.

On that day (April 15, 1873) one James F. Bryant, acting as the agent of the plaintiff, and also of said Cummings, rented the house and garden to the defendant for $6 per month, to commence May 1, and a short time after May 1, rented to him the remainder of the premises (tillage and pasture) for $20. The said James F. Bryant did not disclose his agency, and the defendant understood at the time of the contract, and until some time after he had gone into possession of the premises under the contract, that said Bryant was himself the owner of the premises. The defendant objected that he "knew nobody but said Bryant in the contract, and that therefore the plaintiff could not maintain her action," and objected also to the introduction of evidence tending to show that he, Bryant, acted as the plaintiff's agent. These objections were overruled, and the defendant excepted. The defendant objected that the title shown in the plaintiff was not sufficient to enable her to recover; also, that the " plaintiff and said Cummings must join in the suit, because the rent was reserved as an entirety." The referee overruled the objections, and held that the plaintiff could recover two third parts of the rent in this suit; and the defendant excepted. The defendant occupied said premises under said contract from May 1, 1873, to November 1, 1873.

At this term the plaintiff moved for leave to amend by joining said Cummings as plaintiff, and the court allowed the amendment upon terms to be settled. The questions of law arising upon the foregoing case were transferred to this court for determination by STANLEY, J.

*Murray*, for the plaintiff.

*Shirley* and *Spring & Gould*, for the defendant.

LADD, J. In making the contract for use and occupation, upon which this suit is brought, James F. Bryant acted as the agent of the plaintiff, Lucinda M. Bryant, and one Cummings, who, it is to be assumed, were tenants in common of the premises demised. The fact of his agency was not disclosed at the time of the contract. It is the ordinary case of a contract not under seal, made by an agent in his own name on behalf of an undisclosed principal; and it is not·to be doubted that an action may be maintained upon it in the name of the principal. See notes to *Paterson* v. *Gandasequi, Addison* v. *Gandasequi*, and *Thompson* v. *Davenport*, 2 Sm. Ld. Cas. 348, *et seq.*

But this was obviously one single entire contract between the defendant on the one hand, and Lucinda M. Bryant and Cummings, represented by their common agent, James F. Bryant, on the other. The action therefore should have been brought either in the name of the agent, James F. Bryant, or in the name of this plaintiff and Cummings, jointly. It is clear that it cannot be maintained in the name of this plaintiff alone. Nor is the fault one of which the defendant could avail himself, only by plea in abatement, as the plaintiff's counsel seems to suppose. The rule, as I understand it, has always been, that in actions

*ex contractu*, where it appears on the trial that there are other parties who ought to have been joined as plaintiffs, the defendant may avail himself of the objection as a ground of nonsuit, as a variance upon the general issue. *Pitkin* v. *Roby*, 43 N. H. 138, 139, and authorities cited. In actions *ex delicto*, the rule is different; the objection must be taken by plea in abatement. Gould Pl., ch. 5, sec. 111. The remark of Mr. Justice SARGENT, in *White* v. *Brooks*, 43 N. H. 409, to the effect that a nonjoinder of plaintiffs in that case (which was assumpsit) could only be taken advantage of by plea in abatement, would seem to be an inadvertence, inasmuch as the same learned judge had accurately laid down and clearly explained the rule, as given in all the books, in *Pitkin* v. *Roby*, reported in the same volume at page 138. *Webber* v. *Merrill*, 34 N. H. 202, stands well within the rule, because that was an action of tort, *trespass quare clausum fregit*.

The result is, that the action cannot be maintained in the name of the present plaintiff alone, and the writ must be amended according to the motion, or the action fails. *Pitkin* v. *Roby* is a direct authority to the point that this amendment should be allowed under the statute. The circuit court was therefore right in allowing it, and all questions of costs and terms must be settled there.

CUSHING, C. J. It does not appear from the report of the referee whether the contract alleged to have been made by James F. Bryant, as agent of the plaintiff, was in writing or not. The defendant's counsel claims that the contract for the lease of the house land was in writing, and that the agent in his written contract not only did not disclose his agency, but did in writing represent himself to be the owner of the property. This does not now appear to be one of the facts in the case.

The action appears to be in the ordinary form for the use and occupation of real estate. There is no special declaration upon the contract, but it was a simple declaration for use and occupation. The contract, such as it was, whether written or oral, or partly written and partly oral, was used as evidence. The case of *Elkins* v. *Boston & Maine Railroad*, and cases cited, *Huntington* v. *Knox*, 7 Cush. 371, *Fenly* v. *Stewart*, 5 Sandf. 101, and 1 Pars. on Con., ch. 3, sec. 4, are authorities to show that under such circumstances the action may be brought by the principal, although his name was not disclosed when the contract was made.

There seems to be a considerable disagreement in the cases, but I think that to this extent there is a substantial agreement, and it appears to me, therefore, that the action is rightly brought in the name of the principal.

Neither do I see any foundation for the objection that the title of the plaintiff is not made sufficiently apparent. It appears that she held two thirds of the premises by virtue of a mortgage, and that she was in possession for condition broken. The defendant does not appear to have been disturbed in his possession as her tenant.

It is said, however, that the contract is an entire contract, the rent

being an entirety, and that the contract being with the plaintiff and Cummings, they must be joined in the suit. The plaintiff accedes to this view, and asks leave to amend by making her co-tenant a party plaintiff. On the authority of the case cited by my brother LADD, it appears that this arrangement may be made on such terms in regard to costs as may be determined by the circuit court. This being done, I see no reason why the plaintiffs may not maintain their action.

SMITH, J. The principal question involved in this case was settled in the recent and well-considered case of *Chandler* v. *Coe*, 54 N. H. 561, where it was held that an undisclosed principal is liable to be sued and entitled to sue upon an express verbal contract, and also upon a simple written contract not under seal (but not upon a negotiable instrument), made by his agent for him in the agent's name. The contract with Wells being one entire contract, it follows that Bryant and Cummings must join in bringing the suit. The amendment joining Cummings as co-plaintiff was clearly admissible. Gen. Stats., ch. 207, sec. 16 ; *Pitkin* v. *Roby*, 43 N. H. 138. The terms to be imposed must be settled in the court below.

*Case discharged.*