BATCHELDER   (*Jesseman, Pl. in Int.*)   *v.*   LIBBEY.

The clerk of an auction sale has not authority, without the assent of the owner or auctioneer, to substitute in his record the name of a principal as purchaser in place of the agent who bids off the goods without disclosing his principal, and to whom the auctioneer declared them sold.

ASSUMPSIT, to recover $144.50, the price of a yoke of oxen. Jesseman, having twenty-four oxen, advertised them for sale at auction April 2, 1887, but, having sold some of them before that day, he procured Batchelder to put in six of his oxen to make the number good.   The auctioneer offered for sale a pair of Batchelder's oxen, and called for bids.   The defendant bid $144.50, and the auctioneer said, " Sold to Walter Libbey."   The clerk was about recording the defendant's name, when Libbey stepped to him and said, " Charge them to Henry Merrill: I bid them off for him;" and the clerk, without the knowledge or direction of the auctioneer, Batchelder, or Jesseman, entered the name of Merrill, as requested, instead of Libbey's, and Libbey took the cattle away from the auction stand.   Libbey was, in fact, acting for Merrill in bidding off the oxen.

*S. B. Page*, for the plaintiff.

*Burleigh & Adams*, for the defendant.

BLODGETT, J.   The defendant, having bid in his own name, and without disclosing his agency to the owner or auctioneer, became personally responsible for the completion of the sale.   His subsequent notification to the clerk that his bid was for Merrill,

and the entry of the sale to Merrill by the clerk, did not change his responsibility. The extent of the clerk's authority in this respect being merely to record the sale as declared by and under the direction of the auctioneer, the substitution of Merrill for the defendant in the record, contrary to the declaration of the auctioneer, and without his direction or knowledge as well as without the direction or knowledge of Batchelder or Jesseman, was not within the scope of the clerk's authority, and had no effect as against the plaintiff; nor is his right of action against the defendant as purchaser affected by the clerk's uncommunicated knowledge to the contrary, because the clerk, as such, cannot be legally regarded as agent of the plaintiff for the purpose of charging him with such knowledge. See, generally, *McComb* v. *Wright*, 4 Johns. Ch. 669; *Nat. Fire Ins. Co.* v. *Loomis*, 11 Paige 431; *Gill* v. *Bicknell*, 2 Cush. 358; *Fiske* v. *McGregory*, 34 N. H. 419; 1 Par. Cont. (5th ed.) 41; Bro. Fr., s. 369; Sto. Ag., s. 126; 8 Wait Act. & Def. 58.

*Judgment for the plaintiff.*

BINGHAM, J., did not sit : the others concurred.