NEWMARKET SAVINGS BANK *v.* HANSON.

The plaintiff's possession of a note endorsed in blank by the payee is suffi-
cient evidence of title.

The defendant, having given his accommodation note to another in
exchange for a like note of the latter to him, is liable on his note as
principal.

ASSUMPSIT, on the defendant's promissory note, dated June 14,
1888, payable to his order and endorsed by him in blank.   Facts
found by the court.   The defendant made the note at the request
of Haley, the plaintiffs' treasurer, who at the same time gave the
defendant his own note for the same amount.   Haley was the
plaintiffs' treasurer until he died in 1892 insolvent.   There is no
entry on the plaintiffs' books showing a discount of the note, or
that they paid money for it.   The defendant knew that Haley
intended to use the note to obtain money of the plaintiffs or at

another bank. Haley delivered it to the plaintiffs, credited to them $50 as interest paid thereon at different times, and included it in a list or schedule of their notes made by him on their books. After his death it was found among the notes belonging to them. There was evidence tending to show that the bank commissioners found and reckoned it in the plaintiffs' assets at examinations made in 1888, 1889, 1891, and 1892. The defendant testified that he did not indorse the note until some time after it was made; that in September, 1891, at his request, Haines, a clerk but not an officer of the bank, searched for and did not find the note; that Haines promised to make further search, and inform him if he found it; that he relied upon Haines's doing so, and not hearing from him supposed the note had been taken care of; and that Haley at that time possessed property on which the note could have been secured.

The court found a verdict for the plaintiffs, subject to the defendant's exceptions,—(1) that there was no sufficient evidence that the note was the plaintiffs' property; (2) that if it was, the plaintiffs were chargeable with Haley's knowledge that the defendant was his surety, and that he was discharged by an extension of the time of payment; and (3) that the plaintiffs are estopped from enforcing payment by the conduct of Haines.

*Bingham & Mitchell*, for the defendant.

*Aaron L. Mellows, John S. H. Frink,* and *Joshua G. Hall,* for the plaintiffs.

CARPENTER, J. The plaintiffs' possession of the note was sufficient evidence of their title. *Southwick* v. *Ely*, 15 N. H. 541; *Drew* v. *Phelps*, 18 N. H. 572. The defendant was not a surety, but the principal. Each note was the consideration for the other. Either party could recover against the other without paying his own note. The defendant could avail himself of the other's note only by way of set-off. The plaintiffs' knowledge of the transaction, and the time of the defendant's indorsement, are alike immaterial. *Rolfe* v. *Caslon*, 2 H. Bl. 570; *Buckler* v. *Buttivant*, 3 East 72; *Eaton* v. *Carey*, 10 Pick. 211; *Higginson* v. *Gray*, 6 Met. 212, 218; *Whittier* v. *Eager*, 1 Allen 499; *Backus* v. *Spaulding*, 116 Mass. 418.

The objection that the plaintiffs are estopped by the conduct of Haines has not been urged, and cannot be sustained.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.