Hillsborough, }
June 3, 1919. }

### HAROLD J. PLATTS *v.* EUCLID AUCLAIR.

In the absence of authorization or ratification a principal is not liable for the negligence of his agent in a matter not within the scope or apparent scope of his employment.

If without the knowledge or assent of his principal an agent to receive an assignment of a mortgage and the payments of principal and interest thereon, make a contract with the owner of the premises to keep them insured but negligently fail to do so, whereby the owner suffers loss, he cannot set off his damages to a bill of foreclosure by the assignee of the mortgage.

If in a foreclosure proceeding the plaintiff offer in evidence the note and mortgage and an assignment of them to himself, he establishes a *prima facie* case, and in the absence of other evidence is entitled to a decree.

BILL IN EQUITY, to foreclose a mortgage, brought August 8, 1917. The mortgage is dated February 3, 1906, and was given by Celina

Duclos to Samuel A. Rouleau, who assigned it to George W. Platts, who on December 17, 1906, assigned it to F. A. Platts, agent for the plaintiff. The latter assignment was not recorded. George W. Platts is the father of the plaintiff and of F. A. Platts. On October 3, 1906, the defendant purchased the mortgaged premises from Celina Duclos, through F. A. Platts. At the time of the purchase, F. A. Platts represented that he owned the mortgage, and the defendant understood and believed that he did until a short time before the bringing of this action. The defendant made payments to F. A. Platts of both interest and principal due upon the mortgage. The buildings upon the premises were destroyed by fire in November, 1911, and were not insured. For several years prior thereto F. A. Platts had acted for the defendant in looking after the premises and in February, 1909, it was expressly agreed between him and the defendant that Platts should act as agent for the defendant in renting and caring for the property, and in keeping the buildings thereon insured. The insurance on the buildings expired August 23, 1911, and F. A. Platts, who was then acting as the defendant's agent, negligently failed to have them reinsured. The defendant in his answer to this bill, claimed that the damages caused to him through the negligence of F. A. Platts should be allowed as a set-off against the amount due on the mortgage. The court denied the defendant's claim of set-off, and the defendant excepted. The plaintiff in proof of his case relied upon the note, mortgage and assignment which he introduced in evidence, and the defendant excepted.

August 29, 1918, the court ordered that the bill be taken *pro confesso*, and that a decree of foreclosure be entered unless the defendant filed the deposition of the plaintiff by October 10, 1918. To this order the defendant excepted on the ground that it imposed the burden of proof as to the ownership of the note and mortgage upon the defendant. Transferred from the September term, 1918, of the superior court, by *Kivel*, C. J.

*Arthur S. Healy* and *George A. Wagner*, for the plaintiff.

*Thorp & Abbott* and *Samuel J. Dearborn*, for the defendant.

PLUMMER, J. The defendant seeks to set off against the amount due upon the mortgage of the plaintiff, the damages suffered by him through the negligence of F. A. Platts in failing to obtain insurance upon the defendant's buildings which were included in the plaintiff's

mortgage. The basis of this claim is that Platts was the agent of the plaintiff in relation to the mortgage, and consequently the plaintiff is liable for the loss suffered by the defendant through the negligence of Platts in not keeping the mortgaged buildings insured. The difficulty with this contention is that it does not appear that Platts was the agent of the plaintiff to care for the mortgaged premises, or to procure insurance upon them. He was the plaintiff's agent to receive the assignment of the mortgage, as its transfer shows. Payments of interest and also upon the principal of the mortgage were made to him, and he was, therefore, the agent of the plaintiff for that purpose. But, so far as appears, this marks the limit of his agency. The plaintiff cannot be held responsible for Platts' negligence because his negligent act is not shown to have been within the scope of his employment. *Dearborn* v. *Fuller, ante,* 217; *Danforth* v. *Fisher,* 75 N. H. 111; *Cordner* v. *Railroad,* 72 N. H. 413; *Bohanan* v. *Railroad,* 70 N. H. 526; *Searle* v. *Parke,* 68 N. H. 311; *Andrews* v. *Green,* 62 N. H. 436; *Wilson* v. *Peverly,* 2 N. H. 548.

The defendant entered into a specific agreement with Platts, whereby Platts should act as his agent in renting and caring for the premises in question, and in keeping the buildings thereon insured. There is no evidence that the plaintiff had any knowledge of this arrangement. The negligence of Platts in keeping the mortgaged buildings insured, rendered him alone liable to the defendant for the damages resulting from such negligence.

It is true as claimed by the defendant that as to him the plaintiff occupied the position of an undisclosed principal. This, however, does not aid the defendant in his attempt to hold the plaintiff responsible for the negligence of Platts, because an undisclosed principal is not liable for an act of his agent not within the course of his employment. 2 C. J. 842, and cases cited.

The defendant has cited in his brief cases upon the doctrine of ratification, and to that well known rule of law that a person cannot accept the benefits of a contract made by an unauthorized agent, and refuse to bear its burdens. The position of the defendant that this case comes within the principles laid down in those cases is not tenable. The facts presented to us do not show anything that would constitute a ratification by the plaintiff of Platts' negligent act, or that he received any benefit therefrom.

The defendant excepted to the order of the court that the bill be taken *pro confesso* upon the ground that it imposed upon him the burden of proof as to the ownership of the note and mortgage. This

exception is not well taken. The plaintiff introduced in evidence the note, mortgage and assignment of them. This evidence was sufficient to sustain the plaintiff's burden of proof to establish his ownership of the note and mortgage, and made a *prima facie* case for him, and in the absence of evidence in behalf of the defendant entitled the plaintiff to a decree of foreclosure. *Southwick* v. *Ely*, 15 N. H. 541; *Drew* v. *Phelps*, 18 N. H. 572; *Blodgett* v. *Jackson*, 40 N. H. 21; *Towle* v. *Rowe*, 58 N. H. 394; *Newmarket Sav. Bank* v. *Hanson*, 67 N. H. 501. An exception was taken by the defendant to the introduction in evidence by the plaintiff of the note, mortgage and assignment. No reason has been suggested, and none occurs to us why they were not properly admitted as evidence.

*Exceptions overruled: decree for the plaintiff.*

All concurred.