Hillsborough, }
March 3, 1925. }

Henrietta Rheuban *v.* Commercial Investment Trust, Inc.

Part payment for an automobile having been made by an instalment note which, in accordance with the understanding at the time, was transferred to the defendant corporation, it being a part of the agreement that the defendant should procure fire insurance on the automobile for one year in the name of the vendee, there is no such relation between the defendant and the plaintiff, a subsequent purchaser of the automobile, as to render the defendant liable for negligence in failing to have the policy transferred into the name of the plaintiff, at the plaintiff's request.

The fact that the original vendor received payments on the note from the plaintiff and transmitted them to the defendant is not evidence from which it can be found that the vendor was so far the agent of the defendant as to be able to bind it by representations regarding the validity of the policy.

Case, for negligence.   Trial by jury.   At the close of the plaintiff's evidence the defendants' motion for a nonsuit was granted subject to the plaintiff's exception.

The facts appear in the opinion.

Transferred by *Allen,* J.

*Branch & Branch* (*Mr. Frederick W. Branch* orally), for the plaintiff.

*Robert W. Upton* and *Joseph E. Lachance* (*Mr. Upton* orally), for the defendants.

Plummer, J.   The plaintiff's evidence tended to prove the following facts:   July 12, 1921, George J. Rheuban purchased of the New Hampshire Auto Company of Manchester an automobile.   Only a portion of the consideration was paid, and George gave his note for the balance payable in twelve monthly instalments.   The payment of this note was secured by a conditional sale contract.   August 1, 1921, George was notified by the defendants that they had purchased

his note. He understood when he gave the note that it was to be transferred to the defendants, and he was informed by his vendors that the contract price for the car covered insurance against fire for a year, and that it would be obtained by the defendants. He was informed in the notice of August 1, 1921, that the defendants had procured insurance to cover the car, and would send him a certificate as soon as he notified them of his verification of the serial number on the car. In September, 1921, George became bankrupt, and in November or December, Henrietta Rheuban, his mother, bought the automobile at an auction conducted by his trustee in bankruptcy. After that the monthly payments on the note were made by George, but acting as agent for his mother. He gave his check for the instalments to the Auto Company, and they forwarded this check or their own to the defendants. In January, 1922, as George had not received any insurance policy, he wrote the defendants requesting that the policy be forwarded, and that it be made out in the name of Henrietta Rheuban, who then owned the car. January 26, 1922, the defendants sent a customer's copy of the policy to George, in which he was named as beneficiary and owner, the copy being dated July 12, 1921, and insuring the automobile for one year. Upon receipt of this copy George consulted the Auto Company, for the purpose of finding out whether or not the interest of his mother in the automobile was protected under the policy as written, and was advised by the manager of the Company that owing to the fact that the contract and note were signed by him the policy was issued in this form, and that the interest of his mother was fully protected. March 1, 1922, the automobile was destroyed by fire, and the insurance company refused to pay the loss, because there was a provision in the policy that it should be void "in case of the transfer or termination of the interest of the assured other than by death of the assured, or in case of any change in the nature of the insurable interest of the insured in the property described herein either by sale or otherwise," unless a proper indorsement relating thereto had been made on the policy. Except as herein stated George, either for himself or as agent for his mother, had no dealings with the defendants in reference to this matter. No express authority had been given the Auto Company to represent the defendants in their dealings with George, either as owner of the car or as agent for his mother, and no such authority existed unless it is to be inferred from the facts above stated.

This case was originally brought by George J. and Henrietta

Rheuban, as plaintiffs. But as George did not except to the order of nonsuit against him, he is not now a party plaintiff in the action. The questions for decision presented by the parties are whether it can be found upon the evidence that the defendants are liable to the plaintiff for failing to keep the fire insurance policy on the car in force after it was purchased by her, or for the advice given to her agent by the Auto Company.

In accordance with an understanding between the parties when George bought the car, the defendants procured fire insurance upon it in his name and payable to them as their interest might appear, and notified him of that fact August 1, 1921. But when George wrote to the defendants the following January, and requested them to send him the insurance policy, and that it be written in the name of the plaintiff, who then owned it, the defendants did not comply with his request. They sent him a customer's copy of the policy in which he was named as beneficiary and owner of the car. The only inference that can be drawn from that act of the defendants is that they refused to recognize the plaintiff in the transaction, and would not procure the transfer of the policy to her. It cannot be that the defendants were guilty of negligence because they did not take such action as the plaintiff desired. It does not appear that there had been any business relations relative to this matter between them and the plaintiff, or that they were under any obligation to comply with her request. Consequently if they did not desire to procure a transfer of the policy to her, it was their right to refuse to do so. By such refusal they did not violate any legal duty. The defendants cannot be found liable, because they owed to the plaintiff no legal duty which they have neglected to perform. *Buch* v. *Company*, 69 N. H. 257, 260; *Pittsfield &c. Company* v. *Company*, 71 N. H. 522, 531; *Dustin* v. *Curtis*, 74 N. H. 266. Although the defendants were under no obligation to have the insurance transferred to the plaintiff, if they had undertaken to act in the matter they would have been held to the exercise of due care in what they did or undertook to do. *Benoit* v. *Perkins*, 79 N. H. 11, 13; *Hoyt* v. *Tilton, ante,* 477. They, however, not only did nothing to effect a transfer, but inferentially refused to take any action relating thereto.

It is claimed by the plaintiff that the monthly payments which she had made to the defendants, after she bought the car, were in part on account of insurance, and therefore that the defendants were under obligation to keep the insurance policy in force. This contention cannot be sustained. Nothing appears in the written contract

of sale between the vendors of the car and the vendee in reference to insurance, but there was an oral understanding that the price included the insurance, and that the defendants would secure it. When the sale was consummated, the indebtedness of the vendee to the vendors was adjusted, and a note was given therefor which was transferred to the defendants. It cannot be found upon the facts deducible from the evidence that any portion of the payments made by the plaintiff to the defendants, after she purchased the car, was to be applied in payment of the insurance. The only conclusion to be drawn is that the payments were made by the plaintiff upon the note, and that the consideration for which the note was given can be of no concern to her.

The plaintiff seeks to maintain her case against the defendants upon the further ground that when the Auto Company advised George, as her agent, that she was fully protected by the insurance policy in question, they were acting as the agents of the defendants, and consequently that the defendants are liable for that erroneous advice. It cannot be found that the Auto Company were authorized expressly or by implication as agents of the defendants to advise the plaintiff relative to this matter. The plaintiff had no connection with or interest in the transactions about the car until she purchased it from the trustee in bankruptcy. After that, so far as appears, there were no relations between the Auto Company and the defendants in reference to the car, except that the Auto Company received the payments upon the note from the plaintiff's agent and transmitted them to the defendants. In so doing, it might be a question for which party the Auto Company were acting. But, conceding that in performing this service they were the defendants' agents, certainly there are no evidentiary facts to sustain a finding that as agents of the defendants they were authorized to advise the plaintiff whether she was protected by the insurance policy in controversy. The defendants cannot be held responsible for the wrongful advice given by the Auto Company to the plaintiff's agent, because it cannot be found that the giving of the advice by the Auto Company was within the scope of their employment. *Platts* v. *Auclair*, 79 N. H. 250, 252, and cases there cited.

*Exception overruled.*

ALLEN, J., did not sit: the others concurred.