Belknap,
Jan. 2, 1940. } No. 3081.

MANCHESTER SUPPLY COMPANY *v.* LEAH DEARBORN & *a.*

*Marguerita M. Broderick* (by brief and orally), for the plaintiff.

*Tilton & Tilton* (*Mr. Frederick A. Tilton* orally), for the defendants.

WOODBURY, J. After contrasting English law with the continental systems, Professor Mechem in his work on agency writes that "it is unquestionably the general rule of our law that an undisclosed principal, when subsequently discovered, may, at the election of the other party, if exercised within a reasonable time, be held upon all simple non-negotiable contracts made in his behalf by his duly authorized agent, although the contract was originally made with the agent in entire ignorance of the principal." 2 Mechem, Agency (2d *ed.*), s. 1731. To the same effect see 1 Williston, Contracts (Rev. *ed.*),

*s.* 286; 3 C. J. S., Agency, *s.* 244; 2 Am. Jur., Agency, *s.* 393; 1 Am. Law Inst., Restatement of Agency, *s.* 186. Later in the above section of Professor Mechem's work it is said, "The rule itself is doubtless an anomaly, but even so it is undoubtedly as well settled as any other rule of the law of agency." It has for many years been in effect in this state. *Chandler* v. *Coe,* 54 N. H. 561; *Bryant* v. *Wells,* 56 N. H. 152, 155.

From the authorities cited above, as well as from the very nature of the situation, this right of action does not depend upon the third person's knowledge, when dealing with the agent, that the latter was acting for another instead of for himself. Obviously everyone, when dealing with an agent for a wholly undisclosed principal, believes that he is dealing with the agent only, relies solely upon the agent individually, and, if credit be extended, extends that credit to no one but the agent. However, and herein lies the anomaly, the creditor has a right of action against the undisclosed principal, when discovered, even though he never learned of the existence of the latter until after the bargain was completed, if he can prove, as in every other case of agency, that the agent's acts were within the scope of authority. 1 Am. Law Inst., Restatement of Agency, *ss.* 194, 195; 1 Williston Contracts, *supra;* 2 Am. Jur., Agency, *s.* 401; 3 C. J. S. Agency, *s.* 245; *Platts* v. *Auclair,* 79 N. H. 250, 252. The fundamental question in the case at bar, then, is not whether the plaintiff, when it sold the items of heating equipment to Fred, believed that it was dealing with Fred alone and individually, but it is whether or not Leah ever authorized Fred to make those purchases for her and in her behalf.

This is the question which the plaintiff brought to the attention of the master by its request for a finding referred to earlier in this opinion, and that question does not appear to have been properly passed upon. While it is true that there are findings to the effect that Fred was not acting as the agent of his wife when he purchased the items of heating equipment, it is evident from those findings themselves as well as from their context, that the master's conclusion of lack of agency was based at least in part upon his findings with respect to the plaintiff's belief at the time of purchase that it was dealing with Fred alone and in his individual capacity. These latter findings concerning the transactions between Fred and the plaintiff shed no light upon the real question in this case which is whether or not Fred, when dealing with the plaintiff, was, unknown to it, acting as the agent of his wife. From this failure to comprehend

the nature of the issue presented, it follows that there must be a new trial as to the defendant Leah. *Gagne* v. *Company*, 87 N. H. 163.

The findings made in relation to the plaintiff's reliance upon the credit of Fred and in relation to its belief that it was transacting business with him individually bear upon the issue of Fred's liability to the plaintiff (*Chandler* v. *Coe*, 54 N. H. 561, 576; *Albany* v. *Abbott*, 61 N. H. 157, 159; *Batchelder* v. *Libbey*, 66 N. H. 175; *Hilliard* v. *Railroad*, 77 N. H. 129), but, the plaintiff having already obtained a judgment against Fred in the Municipal Court, that issue has already been determined and cannot be litigated again. This petition was properly dismissed as to him.

> *New trial as to the defendant Leah:*
> *decree for the other defendant.*

All concurred.