NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough–southern judicial district
No. 2017-0429

LISA CENSABELLA

v.

HILLSBOROUGH COUNTY ATTORNEY

Argued:  March 21, 2018
Opinion Issued:  October 17, 2018

The MuniLaw Group, of Epsom (Tony F. Soltani on the brief and orally), for the petitioner.

Carolyn M. Kirby, of Goffstown, on the brief and orally, for the respondent.

HANTZ MARCONI, J.  The petitioner, Lisa Censabella, appeals the Superior Court's (Mangones, J.) dismissal of her petition for relief against Hillsborough County Attorney Dennis Hogan under the Right-to-Know Law, RSA chapter 91-A.  The petitioner argues that the trial court erred in ruling that she was not a "person aggrieved" under RSA 91-A:7 (2013) and, therefore, lacked standing to pursue this action.  We reverse and remand.

The record establishes the following facts. In March 2017, the petitioner, by and through her attorney, filed a petition seeking, among other things, to enjoin the respondent from further violations of the Right-to-Know Law. The petitioner claimed to be a person aggrieved, under RSA 91-A:7, by the respondent's alleged violations of RSA chapter 91-A occurring between December 28, 2015 and November 29, 2016. The petition alleges that Attorney Tony Soltani filed a Right-to-Know Law request on her behalf with the respondent seeking information regarding another individual, but that the response to the request and to follow-up requests made by Soltani over the ensuing eleven months was late and incomplete. At no time during the exchange did Soltani reveal that the petitioner was his client for the purpose of the request, nor did the respondent inquire for whom the requests were being made. The first time the petitioner's name was revealed was in the petition filed in the superior court.

The respondent moved to dismiss, asserting that, because the petitioner was not identified directly or indirectly in any of the requests made by Soltani, she lacked standing to bring the petition. The trial court granted the respondent's motion. This appeal followed.

Generally, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioner's pleadings are sufficient to state a basis upon which relief may be granted. K.L.N. Construction Co. v. Town of Pelham, 167 N.H. 180, 183 (2014). To make this determination, the court would normally accept all facts pled by the petitioner as true, construing them most favorably to the petitioner. Id. When the motion to dismiss does not challenge the sufficiency of the petitioner's legal claim but, instead, raises certain defenses, the trial court must look beyond the petitioner's unsubstantiated allegations and determine, based on the facts, whether the petitioner has sufficiently demonstrated her right to claim relief. Id. A jurisdictional challenge based upon a lack of standing is such a defense. Id. Since the relevant facts are not in dispute, we review the trial court's determination on standing de novo. Id.

Addressing the standing issue requires us to interpret RSA chapter 91-A. The ordinary rules of statutory construction apply to our review of the Right-to-Know Law. N.H. Right to Life v. Dir., N.H. Charitable Trusts Unit, 169 N.H. 95, 102-03 (2016). Thus, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. Id. at 103. When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We also interpret a statute in the context of the overall statutory scheme and not in isolation. Id.

2

The purpose of the Right-to-Know Law "is to ensure both the greatest possible public access to the actions, discussions and records of all public bodies, and their accountability to the people." RSA 91-A:1 (2013); see N.H. Right to Life, 169 N.H. at 103. Thus, the Right-to-Know Law furthers our state constitutional requirement that the public's right of access to governmental proceedings and records shall not be unreasonably restricted. N.H. Right to Life, 169 N.H. at 103. While we look to other jurisdictions construing similar statutes for guidance, including federal interpretations of the federal Freedom of Information Act (FOIA), 5 U.S.C. §§ 552 et seq., we resolve questions regarding the Right-to-Know Law with a view to providing the utmost information in order to best effectuate the statutory and constitutional objectives. Id.

The Right-to-Know Law provides "[e]very citizen" with a right to inspect and copy government records except as otherwise prohibited by statute. RSA 91-A:4, I (2013). RSA 91-A:4, IV (Supp. 2017) requires public bodies and agencies to make such government records available upon request. RSA 91-A:8, I (2013) provides that public bodies, agencies, or officials who violate the provisions of this chapter shall be liable for reasonable attorney's fees and costs incurred in a lawsuit under the chapter, provided that the court finds the lawsuit was "necessary in order to enforce compliance with the provisions of this chapter or to address a purposeful violation of this chapter." The statute allows "[a]ny person aggrieved" to petition for injunctive relief, and appear "with or without counsel." RSA 91-A:7.

Thus, our decision turns on whether the petitioner was a "person aggrieved" within the meaning of the statute. See RSA 91-A:7. The respondent argues that standing requires parties to have personal legal or equitable rights that are adverse to one another, with regard to an actual, not hypothetical, dispute, which is capable of judicial redress, Duncan v. State of N.H., 166 N.H. 630, 642-43 (2014), and that a party must demonstrate harm to maintain a legal challenge, Birch Broad. v. Capitol Broad. Corp., 161 N.H. 192, 199 (2010). Applying these tests, we conclude that the petitioner has standing.

"Whether a person's interest in the challenged administrative action is sufficient to confer standing is a factual determination to be undertaken on a case by case basis." Golf Course Investors of NH v. Town of Jaffrey, 161 N.H. 675, 680 (2011). Both the petitioner in her petition, and her attorney in representations to the trial court, confirmed that the requests at issue were made to the respondent by Attorney Soltani on the petitioner's behalf. The respondent argues that the petitioner is not a "person aggrieved" because she "never directly requested inspection of government records, nor was she ever identified as a citizen upon whose behalf a request was made." We discern no such requirements in the Right-to-Know Law.

3

At the outset, nothing in the statute required the petitioner to "directly" request inspection of government records. Indeed, the statute specifically anticipates that a claimant may appear with counsel when pursuing a remedy. See RSA 91-A:7. It follows that a claimant may make his or her request for records through counsel.

At issue is whether the identity of the petitioner must be disclosed in the request. The requester's motives in seeking disclosure are irrelevant to the question of access. Lambert v. Belknap County Convention, 157 N.H. 375, 383 (2008). There are no restrictions on the use of the records, once disclosed. Id. "As a general rule, if the information is subject to disclosure, it belongs to all." Id. Thus, with respect to requests for access to such information, there would be little reason to engraft a disclosure requirement upon the requester — when a request is made by an attorney on a client's behalf, the client's identity, at that point, is irrelevant. Allowing the client to enforce such a records request does not prejudice the public agency holding the records — "[p]ublic bodies have a statutory duty to respond diligently to all records requests, regardless of who makes the request." San Juan Agr. Water Users Ass'n v. KNME-TV, 257 P.3d 884, 892 (N.M. 2011).

Furthermore, given the competing interests inherent in a request to the government for disclosure, it would not be unreasonable for a requester to desire anonymity in the early stages when making a Right-to-Know Law request. Such requests may implicate political, policy, or public interest considerations, particularly when the request is pursued by a whistleblower or advocacy organization. Practical considerations also weigh in favor of requests made by attorneys on behalf of clients who are not able to participate directly. Moreover, a construction which allows an undisclosed client to seek disclosure through counsel is consistent with our common law of agency, which permits undisclosed principals to act through agents. See Bryant v. Wells, 56 N.H. 152, 155 (1875); Chandler v. Coe, 54 N.H. 561, 576 (1874).

Relying upon federal case law interpreting the FOIA, the trial court concluded that as an unidentified requester, the petitioner did not have standing to bring this action. See McDonnell v. United States, 4 F.3d 1227, 1236-37 (3d Cir. 1993) ("We think a person whose name does not appear on a request for records has not made a formal request for documents within the meaning of the statute."). We do not construe our state statute, however, in so limited a fashion.

Notably, the FOIA derives from a legislative effort to promote government transparency, not from a constitutionally mandated public right to open government and accountability. Cf. McBurney v. Young, 569 U.S. 221, 232 (2013) ("This Court has repeatedly made clear that there is no constitutional right to obtain all the information provided by FOIA laws."). As such, the rights conferred by the FOIA are limited to those defined by the federal statute. "[T]he

4

question of who may enforce a statutory right is fundamentally different from the question of who may enforce a right that is protected by the Constitution." Davis v. Passman, 442 U.S. 228, 241 (1979) (emphasis omitted). The FOIA outlines a statutory process for agency responses to persons making a "request for records" which, among other things, distinguishes, by identity of the requester, the level of fees permitted to be charged for the response. 5 U.S.C. §§ 552(a)(3)(c), (a)(4)(A). The FOIA provides a remedy to a "complainant" who has had agency records improperly withheld from him or her. 5 U.S.C. §§ 552(a)(4)(B), (F). Thus, it is not surprising that the federal courts have developed a more restricted definition of standing under the FOIA. Although we find federal law interpreting the FOIA to provide helpful guidance when interpreting analogous exemptions under our law, see Montenegro v. City of Dover, 162 N.H. 641, 645-46 (2011) (police investigatory files); N.H. Right to Life, 169 N.H. at 103 (confidential, commercial, or financial information and other files the disclosure of which would constitute invasion of privacy), we conclude that it is of little assistance in determining standing. Accord, e.g., San Juan Agr. Water Users Ass'n, 257 P.3d at 892-93 (citing cases).

Accordingly, we conclude that the trial court erred in granting the respondent's motion to dismiss for lack of standing. Whether the agency relationship actually existed at the time of the request is a factual matter, which, if challenged, would need to be decided by the trial court, as would the merits of the petitioner's claim. Id. at 884. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

LYNN, C.J., and HICKS and BASSETT, JJ., concurred.

5