FOWLER *v.* MADISON.                    { MARCH 11, 1875. }

Evidence that a party declared that he would not do a certain act is not admissible for the purpose of proving that he did not afterwards do that act.

CASE, to recover damages occasioned by alleged defects in a highway. Plea, the general issue. In the fourth count in the declaration, the plaintiff claimed to recover damages for injuries to himself and horse, December 19, 1872, occasioned by the road being blocked with snow.

The defendants introduced evidence tending to show that, December 16, 1872, they employed one Henry J. Banks, of Ossipee, to keep the road open through the winter season ; that said Banks died in January, 1873 ; and that he, on December 16 and 19, and also between December 19 and his death, by his men and teams, broke out said road, for which the town, in the spring of 1873, paid his executrix the sum of $25. After December 16 it did not appear that the town did anything about keeping the road open, except what it did through said Banks during the lifetime of said Banks.

The plaintiff introduced as a witness one Ephraim Knox, who testified that he passed over the road between December 16 and 20, and found it drifted full of snow, and that his sleigh was overturned and broken. The plaintiff then offered to show by Knox that he (Knox) had a conversation with said Banks subsequent to the time the town claimed to have hired him to keep the road open, and that he (Banks) said he would not do it. The court excluded the evidence, and the plaintiff excepted.

Verdict for the defendants on all the counts. Motion by the plaintiff to set the same aside and for a new trial. Case transferred.

*F. Hobbs, J. H. Hobbs,* and *B. C. Carter,* for the plaintiff.

*Copeland* and *Blaisdell,* for the defendants.

## HOAG *v.* HOAG. [Carroll,

*CUSHING, C. J. In *Bell* v. *Woodward,* 47 N. H. 539, it was held that "A's declaration, soon after the purchase of a farm," that he bought it for B, " is not evidence to show that A did not afterwards live upon the farm and carry it on." The learned judge who delivered the opinion of the court said,—" The testimony of J. B. F. Woodward was irrelevant. The purpose for which Joshua Woodward bought the farm has no legal tendency to show what he did or did not do with the farm after the purchase."

This case is authority, if any authority were needed other than the principles of common sense, to show that the testimony was rightly excluded.

LADD, J., concurred.

FOSTER, C. J. C. C. The declaration of Banks, as to his intention concerning the breaking and keeping open the road, is immaterial and cannot bind the defendants.

If it were at the time a truthful expression of his intention, *non constat* that his intention may not have changed during a subsequent period, in which he may have performed his duty under his contract with the town. *Non constat,* also, that the dereliction of Banks may not have led to the employment by the town of somebody else to perform the same service.

The question was, whether the highway was defective at the time the plaintiff sustained an injury, and not what Banks may have said about his intentions concerning the road before, upon, or after the accident. He was not the agent of the town to bind them by any admission of their liability.

*Judgment on the verdict.*