## BICKFORD *v.* DANE.

### *Contract by married woman.*

The defendant, a married woman, was the owner of a house. Her husband employed the plaintiff to make repairs thereon, but she superintended the work, directing how it should be done. *Held*, that whether the husband was acting as her agent in employing the plaintiff, and whether she was legally bound by contract to pay for the work, were questions of fact.

FROM HILLSBOROUGH CIRCUIT COURT.

ASSUMPSIT, to recover an account for labor and materials.

The action was referred under the act of 1874 to a referee, who for the purpose of assessing damages found for the plaintiff, and at the request of the defendant reported the facts found proved by him as follows:

" The defendant now is, and at the commencement of this suit was, the widow of Herman Dane. She now owns, and for a long time before the decease of her husband did own, a house and lot, in her own right, in Nashua, which was the home of the defendant and her husband. In the lifetime of the husband he employed the plaintiff to do some painting at his house. The plaintiff supposed, at the time, that the husband owned the house. The plaintiff did the work charged in the specification by his servant. The plaintiff had no communication with the defendant about the painting; did not know that she had any interest in the house, and charged the work to the husband, who made a partial payment before the plaintiff knew the defendant owned the house. The plaintiff's servant who did the work testified that he was sent by the plaintiff to the Dane house to paint a room; that Mrs. Dane showed him where to commence work; that he commenced where she told him; that she pointed out other rooms to be painted; that he told Mrs. Dane that the sitting-room would look well varnished, and she told him if he thought so to do it, and he did varnish it. Mr. Dane was not about home. This evidence was not contradicted."

The defendant moved for judgment on the report in her favor, which motion the court, STANLEY, J., C. C., *pro forma*, granted, and the plaintiff excepted.

*Bailey*, for the plaintiff.

*A. W. Sawyer*, for the defendant.

LADD, J. I think no judgment can be rendered on this report, for the reason that all the facts reported are at the same time consistent with a contract by which the defendant would be bound, and almost, if not quite, equally consistent with a special contract by the husband binding himself alone. Was Herman Dane acting as the agent of his wife when he employed the plaintiff to do the painting? That is an important inquiry—perhaps the great question in the case; and the referee has not passed upon it one way or the other. The defendant owned the house. Suppose a son, of age to contract for himself or any other person, who was at the time a member of the family, had, in general terms, employed the plaintiff to do the work, which was afterwards done under the eye and according to the specific directions of the defendant: no one could fail to see at a glance that the first question would be, Was the person thus engaging the labor and materials acting as agent for the owner of the house, or was he acting entirely on his own behalf, intending either a gratuity to her, or to make the improvements himself in pursuance of some contract with her by which he was to be paid? Clearly, it makes no difference, under our statutes,

that the person making the engagement was the husband of the owner of the house. The fact that these persons were husband and wife is of no consequence, except as it bears upon the question of agency. It is simply the case of A employing a laborer to work upon the house of B, where the work is done with the knowledge and under the immediate direction of B as to details. In the absence of a very plain contract, fixing the individual liability of A, excluding the idea of agency and the liability of B in any event, such facts would undoubtedly furnish grounds for the inference that B is liable as principal upon the contract of hiring made on his behalf by A, as well as for the inference of a tacit contract and promise arising from the fact that the work is done under the immediate direction of B and for his benefit.

The question to be tried in this case is, whether the defendant is in any way bound by contract to pay for the labor and materials expended by the plaintiff on her house; and this may involve an examination of any one or all of these three questions: (1) Was there an express contract,—that is, did the husband contract on her behalf as her agent? (2) Was there an actual but tacit contract and understanding to be inferred, as matter of fact, from the fact that the work was done for her benefit with her knowledge and assent? (3) Is she estopped by her conduct to deny a contract by which she is bound? *Sceva* v. *True,* 53 N. H. 632.

CUSHING, C. J. The case finds that the defendant held in her own right the dwelling-house on which the plaintiff's labor was performed. It does not find whether she was holding in her own right at common law before the statute of 1860, or to her sole and separate use under the statute of 1846, or in her own right under the statute of 1860; so that we cannot say, as matter of law, that the husband was not interested as tenant during their joint lives, or as tenant by the courtesy, even without undertaking to determine exactly what his rights would be under the statute of 1860;—and we can also see, that, as occupant with his wife, he had an interest in keeping the property comfortable for occupation.

So far, therefore, as the law would imply a contract from the fact of benefit derived from the work, there is no more reason to imply it against the defendant than against her husband. As matter of law, therefore, I cannot see any foundation for an implied contract against the defendant.

The case shows that the work was done at the request of the husband; that nothing was said to the plaintiff, and that he knew nothing, about the wife's ownership of the house; and that he charged the work to the husband. If, therefore, the husband made the contract as agent of his wife, that is a fact which does not appear from the case, and which must be found by the trier before the plaintiff can have judgment.

SMITH, J. The referee has not found that the defendant contracted for the painting done in her house, nor that her husband acted as her

agent. His report shows that there was some evidence before him from which he might find how this was. If such contract was made, it was a contract in respect to her property for which she would be liable. It is purely a question of fact, whether the plaintiff contracted with the defendant's husband on his own account, or in behalf of his wife. I do not find any question of law to be settled.

*Case discharged.*