ORDWAY *v.* SANDERS.

The sayings of third persons are not evidence as a part of the *res gestæ*, unless they accompany a material act which they explain.

A request to charge is properly refused when it does not state the question with sufficient fulness.

CASE, against a common carrier for the loss of a package of money. The package was delivered to and embezzled by one Nelson, January 4, 1875, and the question was, whether the defendant authorized Nelson to receive the money as his agent, or held him out as having such authority. The evidence tended to show, that in 1874 the defendant's son George was a common carrier of packages, by stage, past the plaintiff's store, and that about December 30 he sold the same to the defendant, who took possession on the first day of January, 1875, and continued the business; that Nelson worked for George about four months before he sold, as hostler, sometimes driving the stage, and for a short time before drove one third of the time, and that Nelson, when George was not present, was authorized to take packages; that the defendant drove the stage alone the first of January, and informed the plaintiff that he had bought it, and that he or his son Edward would drive; that the defendant drove on the second day, Nelson going with him for his own convenience, driving a short distance on account of the severity of the weather; that on the fourth, Monday, the defendant sent Edward to drive, and that Nelson, of his own motion, went on the stage, but not on the defendant's business,—and the defendant denied that he was his agent, or that he had anything to do with his business. It appeared that Nelson, on the fourth, drove up

to and away from the plaintiff's store, and the most of the way; and that when the stage arrived at the store he went in for the mail, and the package of money was given him to carry to Haverhill, and he was paid for doing it, Edward having no knowledge in regard to it. The money was never delivered, and Nelson never returned. Subject to the plaintiff's exception, George was allowed to testify that when he gave up the business he asked Nelson if he would work for the defendant, and he said "No;" and, subject to the same exception, the defendant was allowed to testify that all he knew of the reason of Nelson's going on the fourth was, that, just as Edward was starting, Nelson said he would ride down to Haverhill with Edward,—would just as lief ride down with him as not.

The plaintiff excepted to the refusal of the court to charge that if Nelson was driving the stage January 4, and the plaintiff delivered the package to him in good faith, having no notice that he was not the defendant's servant, and if there was nothing to put the plaintiff on inquiry on that point, the delivery to Nelson was a delivery to the defendant. The court instructed the jury, upon this point, that they would consider and determine the question upon all the evidence in the case. Verdict for the defendant.

*Bartlett* and *Hatch*, for the plaintiff.

*Marston*, for the defendant.

BINGHAM, J. It is said, by the defendant, that the testimony of George Sanders was admissible as a part of the *res gestæ.* The declarations of third persons are not competent evidence as a part of the *res gestæ*, unless they in some way elucidate or tend to give character to some act that they accompany which is material. *Woods* v. *Banks*, 14 N. H. 101 ; *Morrill* v. *Foster*, 32 N. H. 358, 360. This was not a statement of a third person that accompanied a material act. Neither was Nelson's statement, that he would not work for the defendant, evidence to prove that he was not at work for him at the time he received the package. *Fowler* v. *Madison*, 55 N. H. 171 ; *Bell* v. *Woodward*, 47 N. H. 539.

The evidence of the defendant, as to what Nelson said just as he was starting with Edward, was a part of the *res gestæ.* It tended to explain why Nelson went. *Tenney* v. *Evans*, 14 N. H. 343 ; *Sessions* v. *Little*, 9 N. H. 271.

The charge of the court was correct. It was a question for the jury whether Nelson was the defendant's agent, or was so held out by him; and the jury were properly instructed to consider the entire question upon all the evidence in the case relating to it, and not a part of it upon selected portions of the evidence. The request limited the question and the evidence to be considered, and was properly rejected.

*Verdict set aside.*

DOE, C. J., did not sit.