O'NEIL *v.* DUNN *and Trustee,* BARRY, *Claimant.*

An acceptance of an assignment of wages of an employé of a corporation, made in writing by one who is not an officer of the corporation, but a confidential clerk in their office, apparently having authority to do the act, is not void.

Facts found by a referee. November 27, 1883, Dunn was at work for the Nashua Lock Company, the trustee, and on that day made an assignment of his wages to Barry. Barry took the assignment to the counting-room of the company, and, finding one R. P. Moseley there, asked him if he was the party to accept assignments of wages made by persons in the employment of the company. Moseley informed Barry that he was, and wrote across the back of the assignment the following words: "Accepted Nov. 27, 1883, Nashua Lock Company by R. P. Moseley." Barry took the assignment with this endorsement, and filed it with the city clerk of Nashua, where the parties reside. The lock company is a corporation having a treasurer in Nashua, whose acceptance of such an assignment would be good against all parties.

Moseley was not an officer of the corporation, but a clerk holding confidential relations to the company to such an extent that he was admitted to full knowledge of all business affairs, fixing the

price upon goods for which he took orders, and employed by the treasurer with the assent of the directors.

At the pay-day following the date of the assignment the treasurer paid Barry the wages due Dunn, and the same payment was repeated at each succeeding pay-day until the service of the trustee process in this suit upon the company, May 3, 1884. Moseley had no authority to accept the assignment. The treasurer, for aught that he or the company had done, could have repudiated it upon the knowledge of its existence, but the treasurer and the company ratified it after it was filed with the city clerk, so far as paying the wages to Barry the claimant, instead of Dunn the workman, was a ratification.

The court ordered the trustee discharged, and the plaintiff excepted.

*J. B. Parker*, for the plaintiff. The statute requirement to make the assignment valid against creditors has not been complied with. No such assignment shall be valid against any creditor of the assignor, "until a copy of such assignment, duly accepted in writing, has been filed with the clerk." G. L., c. 249, s. 48. The statute was made for the creditor, and that he might have a general notice of the assignment. *Runnels* v. *Bosquet*, 60 N. H. 40. Therefore no ratification between the principal and the agent that might be made after placing a copy of the assignment on file would be good against a creditor of the assignor.

There was no subsequent ratification that could make this acceptance valid; it could not be ratified by parol, and when the adoption of any particular form or mode is necessary to confer the authority in the first instance, there can be no valid ratification except in the same manner. *Dispatch Line* v. *Bellamy*, 12 N. H. 205, 232.

The Nashua Lock Company being a body corporate, the treasurer was the proper party to accept an assignment, and he could not delegate his power to Moseley, as officers of a corporation are not the corporation, and therefore cannot delegate their powers to another. *Gillis* v. *Bailey*, 21 N. H. 150, 162.

Duly means legally. *Patterson* v. *Creighton*, 42 Me. 367; *Plymouth* v. *Wareham*, 126 Mass. 475; *Hatheway* v. *Reed*, 127 Mass. 136. Hence an assignment to be good against creditors must be so accepted in writing that it is good against any and all parties.

*C. W. Hoitt*, for the claimant.

CLARK, J. The only objection made to the validity of the assignment is, that it was not duly accepted. The acceptance by Moseley was *prima facie* the acceptance of the lock company, and sufficient to entitle the assignment to record. He was a clerk employed in the counting-room by the treasurer with the assent of the

directors, holding confidential relations to the company, and representing it at its place of business, and holding himself out as authorized to accept assignments of wages of persons in the employ of the company. In accepting the assignment, he assumed to act for the company. The act was within the apparent scope of his duties, and the claimant was justified in relying upon his statement that he was authorized to act for the company. Under these circumstances the acceptance was not absolutely void. At most it was merely voidable, and, until revoked by the company, it was sufficient as to third parties. Whether it could be revoked there is no occasion to consider, as it was treated by the company as a valid acceptance. The ratification by the company was before any objection had been made or question raised as to the validity of the acceptance, and prior to the plaintiff's attachment, and it was equivalent to a prior authority to the agent. *Haydock* v. *Duncan*, 40 N. H. 45.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.