NEW BOSTON FIRE INSURANCE CO. v. UPTON & a.

In the absence of subsequent ratification, to charge a corporation upon the act of a director not within the general scope and apparent sphere of his ordinary duty, a special or general authority from his associates or the corporation must be shown, either directly or presumptively.

ASSUMPSIT, for an assessment on a premium note given for insurance in the plaintiff company. Verdict for the plaintiffs. One ground of defence was, that one Marden, then a director in the plaintiff company, had made to the defendants certain representations as to the plaintiffs' condition, the time they would continue in business, their methods of doing business, and the way they would make assessments in case of a loss; that the defendants' application for insurance was made in reliance on such representations; and that the representations proved to be false, though not intentionally so. The court ruled, and instructed the jury, that such misrepresentations were not a defence to the action, and the defendants excepted.

*James P. Tuttle* and *Robert M. Wallace*, for the plaintiffs.

*Sulloway & Topliff*, for the defendants.

BLODGETT, J. There was no evidence tending to show that Marden had any authority except as one of several directors, who, as such, can act in behalf of the corporation only as a board. Their power is not joint and several, but joint only, and hence, in the absence of a special or general authority conferred upon a director by his associates, or unless the corporation itself has made him a general or special agent by its course of dealing in holding him out to the world as such, he cannot by his individual action bind or affect the rights of the corporation. *Buttrick* v. *Railroad*, 62 N. H. 413, 418, and authorities cited; *First Nat. Bank* v. *Ocean Nat. Bank*, 60 N. Y. 278; Abb. Tr. Ev. 32, 43, 44. The instruction to the jury was correct.

*Exception overruled.*

CLARK and WALLACE, JJ., did not sit: the others concurred.