NEBONNE v. CONCORD RAILROAD.

In a suit against a railroad to recover damages for an injury alleged to have been received through negligence in the management of one of its trains, evidence of a statement made two months later by the conductor of the train is not competent as an admission against the defendants.

CASE, for injuries received by the plaintiff, in being run over and having his foot crushed by a car of the defendants. Trial by jury. The plaintiff, subject to exception, introduced evidence of a conversation between himself and one Wheeler, who was the conductor of the train by which the injury was caused. This conversation was held about two months after the accident, and tended to show negligence in respect to the starting of the train. Wheeler was a witness for the defendants, and testified that he had no recollection of such a conversation.

*Albin & Martin,* for the plaintiff.

*Streeter, Walker & Chase,* for the defendants.

BLODGETT, J. The alleged statement of the conductor of the defendants' railway train as to the way in which the plaintiff was injured, made some two months after the injury, was incompetent, and should have been rejected. The accident had long since become a completed fact, and the statement was only the narration by an agent of a past occurrence, and not a part of the *res gestæ.* Doubtless the declarations and admissions of a party, whenever made, may be given in evidence against him, and " where the acts of the agent will bind the principal, there his representations, declarations, and admissions respecting the subject-matter will also bind him, if made at the same time, and constituting a part of the *res gestæ* " (Sto. Ag., *s.* 134; *Thompson* v. *Androscoggin, etc., Co.,* 58 N. H. 108, 111); " but an act done by an agent cannot be varied, qualified, or explained, either by his declarations, which amount to no more than a mere narrative of a past occurrence, or by an isolated conversation held, or an isolated act done, at a later period. 1 Tay. Ev., *s.* 526. The reason is, that the agent to do the act is not authorized to narrate what he had done, or how he had done it, and his declaration is no part of the *res gestæ."* *Union Packet Company* v. *Clough,* 20 Wall. 528, 540; *American Life Ins. Co.* v. *Mahone,* 21 Wall. 152, 157 ; *Vicksburg & Meridian Railroad Co.* v. *O'Brien,* 119 U. S. 99, 103–106 ; 58 Am. Rep. 562, *note,* 565–568 ; 95 Am. Dec., *note,* 73–75. More concisely stated, the declaration or admission of an agent binds his principal only when it is made "in regard to a transaction then depending *et dum fervet opus."* 1 Gr. Ev., *s.* 113.

The defendants, by calling the conductor and interrogating him relative to his statements as testified to by the plaintiff's witnesses, did not waive their objection to the testimony or make it competent. The general principle invoked by the plaintiff, that " when testimony is incompetent, or not admissible when received, if by the introduction of subsequent testimony it is made competent, the objection is removed," is inapplicable to the facts appearing in this case. The plaintiff introduced no subsequent testimony

as to the statement, and the defendants neither admitted nor proved it by any subsequent act or evidence : on the contrary, they denied that the conductor made the statement, and his testimony on that point tended only to support the denial.   In view of these facts, the claim that a party who vainly objects to the admission of incompetent and highly prejudicial testimony, offered by his adversary, waives his objection and makes the testimony competent if he contradicts it, is a proposition without support in the law of evidence, and hardly requires extrinsic refutation.

*Verdict set aside.*

CHASE, J., did not sit : the others concurred.