Hillsborough,  }
   June, 1896.  }

SHATTUCK *& a.* v. ROBBINS.

It is no defence to an action upon a subscription for stock in a proposed corporation, that the defendant was induced to subscribe by statements made in good faith by a soliciting agent as to a contemplated course of business which was not adopted by the corporation after its organization.

A parol agreement as to the course of business of a proposed corporation, made previous to or contemporaneous with a contract of subscription, is inadmissible to vary or control the latter.

An action may be maintained upon an agreement to pay a definite sum for stock in a corporation at specified dates without first resorting to a sale of the shares.

ASSUMPSIT, to recover the amount of the defendant's subscription to the stock of the New Hampshire Press Association. Facts found by the court. The defendant subscribed for ten shares of the capital stock of the association, at the par value of fifty dollars per share, amounting to $500, which sum he agreed to pay in quarterly payments at specified times. The subscriptions were solicited by one Towner. When the defendant subscribed for his stock, Towner talked about buying the "Nashua Telegraph," said they had arranged to buy it, and were going to have the Associated Press news. The defendant was induced by this statement to make his subscription. The corporation when afterward organized did not buy the "Nashua Telegraph" or get the Associated Press reports. Sometime after the defendant had subscribed for his stock, Towner informed him that

Governor Goodell said he would not have anything to do with the paper if the defendant's name remained on the list. The defendant told Towner to take his name off the list, and supposed he had done so until notified to the contrary. The corporation was subsequently duly organized. The publication of the paper commenced and afterward suspended for lack of funds. Something over $25,000 was paid in, which was all expended with about $14,750 in addition. The corporation after using all the money and assets still owes over $4,000.

*Charles W. Hoitt*, for the plaintiffs.

*George B. French*, for the defendant.

WALLACE, J. The main ground of defence presented is that the defendant was induced to subscribe for the stock by the false and fraudulent representations of Towner, who solicited the subscription, that they had arranged to buy the " Nashua Telegraph " and were going to have the Associated Press news. There is neither a finding of fraud nor any evidence of fraud in the case. No facts were found inconsistent with the utmost good faith on the part of Towner. It does not appear that at the time of the defendant's subscription they had not in fact arranged to buy the " Nashua Telegraph " or that they were not going to have — that is, proposed to have — the Associated Press news. There is no evidence tending to show that Towner did not believe what he said to be true and was not acting in perfect good faith. The last expression, that they were going to have the Associated Press news, was a mere statement as to the happening of a future event, and both statements may be fairly considered the expression of a mere opinion, or of an existing intention to do a certain act which was liable to be changed at any time by the act of the majority of the stockholders. *Piscataqua Ferry Co.* v. *Jones*, 39 N. H. 491; *Kelsey* v. *Oil Co.*, 45 N. Y. 505; *McAllister* v. *Railroad*, 15 Ind. 11; 1 Mor. Corp., *s.* 98; 1 Cook Stock & Stockh., *s.* 138. If the representations had been that they had already purchased the " Nashua Telegraph " and had then secured the Associated Press reports, a question would arise which the case does not now present. If these statements of Towner are regarded as a parol agreement made previous to or contemporaneous with the execution of the contract of subscription, they are inadmissible in evidence and will not be allowed to vary or control the written contract, and are inoperative and void. *White Mts. Railroad* v. *Eastman*, 34 N. H. 124; *Piscataqua Ferry Co.* v. *Jones*, *supra;* 1 Cook Stock & Stockh., *ss.* 136, 137; 1 Mor. Corp., *s.* 98.

It does not appear that Towner undertook to release the defendant from his subscription. He had no power to do so because Goodell refused to subscribe, or for any other reason. 1 Mor. Corp., *ss.* 109, 111. The defendant raises the objection that this suit cannot be maintained for the subscription of the stock because no assessments have been collected by sale of the stock subscribed for. This objection was not raised at the trial. But as it appears the defendant, by the terms of his subscription, agreed to pay the amount at specified times, a suit can be maintained on the agreement. It is only where a subscriber for stock agrees to take a specified number of shares without expressly promising to pay the amount of the same or the assessments, that he cannot be personally sued on the contract until his shares have been sold to pay the assessment. *N. H. Central Railroad* v. *Johnson,* 30 N. H. 390, 403; *White Mts. Railroad* v. *Eastman, supra; Company* v. *Burlingame,* 67 N. H. 301; *Union Shoe Co.* v. *Pray,* 67 N. H. 435; 1 Mor. Corp., *s.* 144. No question is made but that the whole amount of the capital stock authorized was subscribed.

*Judgment for the plaintiffs.*

CLARK, J., did not sit: the others concurred.