Carroll, } Dec., 1898. }

### CATE *v.* ROLLINS.

The employment by an impecunious husband of labor to be performed on premises owned by his wife, and her knowledge of the work and superintendence of a portion of it, do not, as matter of law, create an agency on the part of the husband, or establish a ratification by the wife.

ASSUMPSIT, for labor. Facts found by a referee. The plaintiff made the contract for his services with J. L. Rollins, the defendant's husband. The defendant is the owner of the property, consisting of a farm, buildings, and stock upon the same, upon which the labor of the plaintiff was expended. J. L. Rollins has no property in his own right. The defendant never specially authorized the hiring of the plaintiff, but she knew he was working upon the premises and gave directions to him concerning a part of the carpentry which he did. Subject to exception, judgment for the defendant was ordered on the report.

*Sewall W. Abbott,* for the plaintiff.

*Edward F. Cate,* for the defendant.

PARSONS, J. The plaintiff contracted with the defendant's husband. There was no express contract with her. The marriage relation, the husband's impecuniosity, the defendant's ownership of the buildings and farm upon which the labor was performed, her knowledge of the work as it was in progress and superintendence of a part of it, are facts competent as evidence upon the questions whether her husband was in fact her agent to make the contract sued upon, or whether she ratified the same. They do not, as matter of law, create such agency or establish such ratification. *Bickford* v. *Dane*, 57 N. H. 320; *S. C.*, 58 N. H. 185; *Davis* v. *Partridge*, 62 N. H. 697.

*Exception overruled.*

BLODGETT, C. J., did not sit: the others concurred.