Merrimack, ⎱
 Dec., 1899. ⎰

GUERIN v. NEW ENGLAND TELEPHONE AND TELEGRAPH CO.

The declarations of an agent are not binding upon the principal unless made by virtue of express authority, or required by the ordinary prosecution of the business in which he is engaged.

In an action to recover for injuries to a horse by overdriving, the owner's evidence as to damage suffered from loss of the animal's service is admissible.

CASE, for injuries to the plaintiff's horse. Trial by jury and verdict for the plaintiff. In June, 1898, one McIntire, the fore-

man of the defendants' linemen, having authority to hire horses for the defendants, when needed in connection with the branch of their work over which he had charge, hired of the plaintiff, at Hopkinton, two horses and wagons for use while rebuilding a part of their line from Concord to Hopkinton. The price agreed to be paid was $1.75 per day, and the horses were to be returned to the plaintiff's stable each night.

The plaintiff's evidence tended to prove that the horses were hired only to transport workmen from Hopkinton to and from their place of work, which was about two miles distant; that on the day the horse was injured (July 7, 1898), he was driven beyond the point for which he was hired, some four or five miles, to Concord; that the day was very warm, and the wagon heavily loaded.

The defendants' evidence tended to prove that they hired the horses for use upon their line wherever needed. They admitted that on the day in question they had driven the horse to Concord, and claimed that under their agreement they had a right to do so.

As tending to show that the contract was as stated by him, the plaintiff testified, subject to the defendants' exception, that when the horse was returned at noon on July 7, 1898, the driver denied that he had driven the horse beyond where the men were at work, and as far as Concord. The plaintiff also testified, subject to exception, that the loss of service of the horse was a damage to him of a dollar a day for fifty-three days.

*Eastman & Hollis*, for the plaintiff.

*Streeter, Walker & Hollis*, for the defendants.

BLODGETT, C. J. The fact of the driving of the horse to Concord on the day of the alleged injury to him was not in controversy. The only issue upon this point was whether, under the agreement between the parties, the defendants had the right so to drive him. Such being the issue, the denial of the driver, " that he had driven the horse beyond where the men were at work, and as far as Concord," should have been excluded. If it had any tendency to show that the contract was as claimed by the plaintiff, it was foreign to the scope of any authority the driver possessed, so far as appears or can be presumed, and must be understood to have been made in his individual, rather than his representative, capacity.

To make the declarations of a servant or agent binding upon his master or principal, they must be made by virtue of express authority, or be required by the due and ordinary prosecution of the business (*Pemigewasset Bank* v. *Rogers*, 18 N. H. 255, 259); but " the mere circumstance of their having been made of and concern-

ing the business he was employed in, does not give them any such effect, unless the servant had been instructed to make them, or unless they were so connected with the service that they became necessary in the due and effective discharge of it." *Batchelder* v. *Emery*, 20 N. H. 165, 167; *Pemigewasset Bank* v. *Rogers, supra; Woods* v. *Banks*, 14 N. H. 101, 113.

The facts furnish neither of these requisites. No express authority to make the declaration is claimed, and there is nothing tending to show that it was necessary in the due and ordinary prosecution of the business for which the declarant was employed. In respect of the horse, it was no part of his duty to tell the plaintiff where he had been with him on the day in question, and his statement was inadmissible as against the defendants, either as an admission or as a part of the *res gestæ*, or for any purpose except unjustly to prejudice them. Authorities, *supra; Nebonne* v. *Railroad*, 67 N. H. 531, 532; *Ordway* v. *Sanders*, 58 N. H. 132, 133; *State* v. *Wood*, 53 N. H. 484, 494; *Morrill* v. *Foster*, 32 N. H. 358, 360; *Wiggin* v. *Plumer*, 31 N. H. 251, 267; *Patten* v. *Ferguson*, 18 N. H. 528, 529; *Hadley* v. *Carter*, 8 N. H. 40, 43.

Upon the facts appearing in the case, no reason is perceived why the plaintiff was not properly allowed to testify to the amount of damage resulting to him from the loss of the horse's service. Such loss of service was apparently the natural consequence and proximate result of the wrong complained of, and constituted one of the proper elements to be considered by the jury in their assessment of damages, under suitable instructions from the court, which it is our duty to presume were given in the absence of any evidence to the contrary.

*Verdict set aside.*

PIKE, J., did not sit: the others concurred.