Hillsborough, }
   June, 1900. }

ANDERSON *&amp; a. v.* SCOTT.

SAME *v.* TAYLOR.

SAME *v.* DOWNES.

SAME *v.* PEASE.

Where a stock subscription has been obtained by one assuming to act for the promoters of a proposed corporation, an action thereon is a ratification equivalent to prior authority, and the false representations of the agent, by means of which the subscription was secured, may be set up as a defence.

False representations by a solicitor for stock subscriptions, relating to contracts and purchases alleged to have been made in behalf of a proposed corporation, are definite affirmations of material facts, concerning which the parties have not equal means of knowledge.

Where the fraud of a soliciting agent is relied upon as a defence to an action on a subscription to corporate stock, evidence of the false representations which were an inducement to the contract is not objectionable on the ground that it varies or contradicts the terms of a written instrument.

ASSUMPSIT, to recover upon the following agreement, to which each of the defendants subscribed: "We the undersigned subscribe for the number of shares (at fifty dollars each) set opposite our names, for the purpose of publishing a New Hampshire morning Republican paper, to be located at Nashua, subscriptions to be paid 25 per cent quarterly from Oct. 1, 1891. The capital stock must be not less than $30,000." In furtherance of the purpose expressed, a corporation was formed in December, 1891, with a capital "fixed at $40,000, of which $39,000 was subscribed for on the book, and three responsible men agreed to take the balance," but failed to do so.

One Towner secured substantially all of the subscriptions, including the defendants', upon a book which has since been in the possession of the corporation. He was one of the first subscribers, one of the incorporators, and was elected manager of the corporation upon its organization. Subject to the plaintiffs' exception, testimony was introduced tending to prove that Towner, in order to induce the defendants to subscribe, falsely represented to them that the "Nashua Telegraph" had been purchased for the company and the Associated Press reports secured for the paper, to-

gether with evidence that the subscriptions were given on the strength of these representations. Verdicts were directed for the plaintiffs, and the defendants excepted.

*Charles W. Hoitt*, for the plaintiffs.

*James F. Brennan*, *Walter C. Harriman*, *Bertis A. Pease*, and *Burleigh & Adams*, for the defendants.

PIKE, J. One ground of the defendants' exception was that testimony was introduced from which the jury could properly find that their subscriptions were obtained through fraud. It did not appear that Towner had authority to act for the plaintiffs in soliciting the subscriptions, but a ratification is equivalent to previous authority (*Clough* v. *Davis*, 9 N. H. 500, 502; *Davis* v. *School District*, 44 N. H. 398, 407; *Springfield* v. *Drake*, 58 N. H. 19, 21; *O'Neil* v. *Dunn*, 63 N. H. 393, 395), and the bringing of these suits upon the subscriptions obtained by him was a ratification of his acts in obtaining them. Such ratification extended to every act which was instrumental in causing a member to subscribe; for in the adoption of his agency the plaintiffs were bound to take the burden with the benefit. *Ball* v. *Badger*, 6 N. H. 405, 410; *Hovey* v. *Blanchard*, 13 N. H. 145, 149; *Patten* v. *Insurance Co.*, 40 N. H. 375, 381; *Presby* v. *Parker*, 56 N. H. 409, 413. If any of the subscriptions were induced by fraud, the fraud became the plaintiffs', and could be set up by the subscriber as a defence in a suit against him on his contract of membership.

The evidence tended to prove that Towner, in order to induce the defendants to subscribe, falsely represented that the "Nashua Telegraph" had been purchased for the company and the Associated Press reports secured for the paper, and that the defendants' subscriptions were obtained on the strength of these representations. If such representations were made, they were not mere statements of opinion, judgment, probability, or expectation, nor were they vague and indefinite in their terms. *Messer* v. *Smyth*, 59 N. H. 41, 43; *Shattuck* v. *Robbins*, 68 N. H. 565. They were material affirmations of past occurrences which Towner knew to be false, or did not know to be true,— occurrences that were not equally within the knowledge of the defendants. *Hoitt* v. *Holcomb*, 23 N. H. 535, 554.

The plaintiffs' exception to this testimony, upon the ground that it tended to vary or contradict the terms of a written instrument, is not well founded. The evidence was not introduced for this purpose, nor did it tend to have this effect. The purpose was to show that the contract was induced by fraudulent means and

was voidable. The testimony was competent for this purpose. *Patten* v. *Insurance Co.*, 40 N. H. 375, 380.

As the defendants' exception must be sustained, it is unnecessary to consider whether the plaintiffs have such an interest in the subject-matter as to entitle them to maintain the suits, and whether the entire capital stock of the corporation was fully subscribed. The facts reported are insufficient for forming an intelligent judgment upon these questions.

*Plaintiffs' exception overruled : defendants' exception sustained : verdict set aside.*

PARSONS, PEASLEE, and YOUNG, JJ., did not sit: the others concurred.