Coos,
March 3, 1903.

LAMOUREUX *v.* MORIN *&* *Tr.*, LAMBERT, *Claimant.*

The fact that a highway commissioner, acting without formal authority from the city council, customarily accepted assignments of future earnings by those employed in his department, and that such wages were paid to the assignees by the city treasurer, warrants a finding that the municipality constituted the acceptor an agent for that purpose.

FOREIGN ATTACHMENT. Facts agreed, and case transferred from the November term, 1902, of the superior court by *Young,* J.

The defendant was employed by the city of Berlin as a laborer in the street department. He was hired by and worked under John B. Noyes, highway commissioner of the city. May 17, 1902, the defendant, for a valuable consideration, assigned to Joseph Lambert all wages to be earned while in the employ of the city. The assignment was presented to Noyes, who wrote upon its face, "Accepted, John B. Noyes, street commissioner." The assignment and alleged acceptance were duly recorded with the city clerk. Subsequently this action was begun, and the plaintiff attached the goods, effects, and credits of the defendant in the hands of the city. The city disclosed $28.88 due on account of the defendant's labor, set up the assignment, and denied its liability. The city council never authorized the highway commissioner or any other person to accept assignments drawn upon it. For several years the highway commissioner had been accustomed to accept assignments of wages made by men working under him, and the wages afterward earned by the assignors had been paid to the assignees by the city treasurer.

The court ordered judgment for the claimant, and the plaintiff excepted.

*John E. Benton*, for the plaintiff.

*J. Howard Wight*, for the claimant.

REMICK, J.    It is agreed that "the city council never authorized the highway commissioner or any other person to accept assignments"; but viewed in the light of the record as a whole and the briefs of counsel on both sides, this is understood to mean only that there had been no formal authorization.    It is further agreed that "for several years the highway commissioner had been accustomed to accept assignments of wages made by men working under him, and the wages afterward earned by the assignors had been paid to the assignees by the city treasurer."    From this course of dealing, the superior court was warranted in finding that the city had constituted the highway commissioner its agent to make acceptances of assignments of future earnings by those employed in his department.    1 Dill. Mun. Corp. (4th ed.), *s.* 213; *O'Neil* v. *Dunn*, 63 N. H. 393; *Smith* v. *Bank, ante, p.* 4.    In this view it is unnecessary to consider whether acceptance by the highway commissioner, by virtue of his office alone, would have answered the requirements of the statute.

The objection to the form of the acceptance is without merit. *Janvrin* v. *Exeter*, 48 N. H. 83; *Dow* v. *Moore*, 47 N. H. 419; *Despatch Line* v. *Bellamy Co.*, 12 N. H. 205; *Underhill* v. *Gibson*, 2 N. H. 352, 355.

*Exceptions overruled.*

CHASE, J., was absent: the others concurred.