Hillsborough, {  
Jan. 2, 1934. }

ADELAIDE ERNSHAW, *by her next friend, v.* MEDERIC R. ROBERGE.

SAME *v.* CEDULIE ROBERGE.

EDWARD ERNSHAW *v.* MEDERIC R. ROBERGE *& a.*

452

*Sullivan & Sullivan (Mr. Frederic Parker* orally), for the plaintiffs.

*Doyle & Doyle (Mr. Paul J. Doyle* orally), for the defendants.

ALLEN, J. I. Evidence of Mederic's negligence is not contested and his motion for a directed verdict is waived. But it is claimed for Cedulie that her liability cannot be found. When Adelaide was injured Mederic was erecting some porch screens for a tenant of Cedulie's building. The work was done at the tenant's request without Cedulie's knowledge or specific consent and without expense to her.

Mederic's general authority to act for Cedulie in the care and maintenance of the property is not questioned. It could be found to be broad enough for him to act in respect thereto as though he were the

owner. She testified that whatever he did had her approval. His discretionary action which he thought would be of benefit to the property might therefore be not only in her behalf but also chargeable to her as engaged by her. Although he did the work at the tenant's request and without expense to Cedulie, the character of the work as a service for her is not necessarily disproved. It was upon her building, and in respect to the tenant related to his business as a tenant. It inured in some measure to the owner's benefit. A finding that it was an act within the general oversight and charge placed by her with her husband is sustainable.

The finding is strengthened by her offer to pay Adelaide's doctor's bill. Her testimony that she made the offer out of sympathy does not need to be given credit. That the offer was induced because she owned the property and Adelaide was hurt by her husband while at work on the property for her, may be inferred; and therefrom an admission of his fault and of her responsibility for it is deducible.

The evidence required the submission of her liability as a principal in the work Mederic was doing.

II. Evidence of Mederic's admissions of fault was introduced, and the jury were instructed that if he was his wife's agent, the evidence was available to show her liability. An agent's admissions are not evidence against the principal unless the agency includes authority to make them. *Guerin* v. *Company*, 70 N. H. 133; *Hilliard* v. *Railroad*, 77 N. H. 129, 133; *Wright* v. *Railroad*, 81 N. H. 361.

Proof of Mederic's fault in the action against him and of his agency in the action against her may not be successfully argued to make the error immaterial. In the action against him evidence of his admissions was competent. In the action against her it was incompetent, and proof of his fault as an element of her liability might not be thereby supplied.

The procedure by which the actions were tried together carried no rule of mutuality by which evidence against one defendant might be used against the other. Separation and distinction of rights in this respect are to be maintained. The principle of convenience and expediency which justifies joint trials may not affect the separate rights of the parties to their disadvantage. The effect of inconsistent verdicts upon the same evidence is another matter, and the merits of the conclusion reached in *Hewett* v. *Association*, 73 N. H. 556, are not here presented.

III. A doctor was permitted to testify that Adelaide might later need an operation because of her injury. The evidence was received

454

on the ground that it tended to show "just what a serious time may be ahead of this girl," after objection that no evidence of the probable need of the operation had been offered. The exception to the admission of the evidence is sustained. The test for proof of future damage is that it must be "more probable than otherwise that the damage is to follow." *L'Esperance* v. *Sherburne*, 85 N. H. 103, 113. The subsequent testimony of the witness that he would not be surprised if an operation should become advisable is non-committal as a prognosis of probable expectancy.

The error was not cured by a correct statement of the law in the charge. The evidence was not stricken out, and it remained that the jury were permitted to consider evidence of possibilities as proof of probabilities. The evidence was of expert opinion upon a matter which the jury could not be assumed to have common or adequate knowledge or judgment of their own to decide, and the evidence had no tendency to prove the issue to which it related. To allow such use was error.

IV. Rent receipts testified to by the defendants as signed by Cedulie and not by Mederic were admitted as exhibits upon the issue of agency. By themselves they did not tend to show which defendant signed them, but there was also in evidence an admitted signature of Mederic, and there is nothing to show that the jury were not qualified to compare it with the signatures in dispute and say if they were his. The receipts accompanied by an unquestioned signature for comparison were properly given to the jury as exhibits. *University of Illinois* v. *Spalding*, 71 N. H. 163.

V. An instruction was given that Mederic was Cedulie's agent if she accepted the benefit of the work he did although she knew nothing about it until after its completion.

Acceptance of benefits received from another's assumed act of agency does not constitute ratification as a matter of law. *Cate* v. *Rollins*, 69 N. H. 426. Even if the act is performed with the knowledge and consent of the one benefited, no legal presumption of agency arises therefrom. *Bickford* v. *Dane*, 58 N. H. 185. The issue of ratification as one of fact is not whether the act is done by one assuming to act as an agent for the alleged principal's benefit, but is whether the act of benefit has been adopted and confirmed.

The difference between acceptance and adoption may be narrow, but there must be, besides mere passive acceptance, some conduct or statement of assent indicating adoption. Without more, a voluntary or unauthorized contribution to another's welfare creates no relation

out of which liability of the latter therefor is imposed. *Vidal* v. *Errol, ante,* 1, 9. Not all enrichment at another's expense is unjust in the sense that the law prescribes restitution or compensation. When the benefit received may be retained without obligation to pay for it if it is not returned, acceptance of the benefit imposes no liability. Whether the benefit is in the form of property or of service, is immaterial. "The law does not permit one, by voluntarily performing a service or expending money for another, to make that other his debtor." *Webb* v. *Cole,* 20 N. H. 490, 491. Acceptance reasonably implying adoption of the act must appear. Upon such acceptance full responsibility for the act follows as though the agency were created before action under it. *Anderson* v. *Scott,* 70 N. H. 350, 351, and cases cited.

Since the instruction declared any acceptance of benefit received to constitute ratification, it was erroneous. The argument that the error is harmless because the evidence in the case is conclusive to show the agency, fails for two reasons. One is that the plaintiffs took a different position at the trial. They moved for a directed verdict against Mederic but not for one against Cedulie. They thus conceded that her case was for the jury. The other reason is that the evidence is without such conclusive effect. *Cate* v. *Rollins, supra; Bickford* v. *Dane, supra.*

The plaintiffs raise the question of the character of an act which may be ratified as one of agency. They say that in respect to a liability for tort to a third person committed in the performance of the act, the act may be ratified if it was intended to be one of agency, although not assumed or professed to be such. For the reasons already appearing the merits of the exception do not depend upon the point, but as it may arise in another trial of the actions, it has been considered so far as necessary therefor.

It is generally held that ratification to be effective must be of an assumed agency. "An act, to be susceptible of ratification, must be done at the time on the behalf of the person who afterwards undertakes to ratify it." *Saltmarsh* v. *Candia,* 51 N. H. 71, 77. As to persons injured in the performance of an act, wrong may not be ratified any more than valid authority may be given to commit it, and it follows that they are barred from recovery upon a claim of agency by ratification if the act was not done in an assumption of agency for the one sought to be held. Here Mederic was Cedulie's agent in charge of her property. If his work in the course of which he injured Adelaide was outside the scope of the agency but was yet

intended by him to be done as her agent, it may not be said against the plaintiffs that the work was not assumed to be done for the owner. Adelaide was hurt not knowing who hurt her, and her rights could not be affected by any understanding she had. It could not occur to her whether Mederic was or was not Cedulie's agent. Nor is the understanding of the tenant who requested the service material to affect the rights of others, however it may have affected him. If his engagement of the service could not be ratified to create relations between him and the owner, yet the service itself as an act exceeding some actual authority and as rendered intentionally for the owner was subject to ratification by the owner to the extent of creating relationship with others than the tenant. The agent's intention for the act to be in the owner's behalf is the equivalent of an assumption to act as agent, so far as concerns those not engaging the service and ignorant of the excess of authority. Although the tenant may have thought the service was not rendered by Mederic as an act of agency, the fact that it was intended to be such an act gave it that character if it became ratified, in respect to the plaintiffs. As to them, if Mederic intended to do the work for his wife, in doing it he assumed to do so.

Situations in which the understanding of the third person in a transaction with an agent acting in excess of authority affects his right to claim ratification or in which a volunteer with no authority at all engages in conduct intended to be a service for another, are different and unconsidered. When and how far an act intended to be done as one of agency may yet be one not assumed to be thus done, there is here no occasion to determine, or, if the distinction is established, to pass upon any difference in legal results.

VI. Adelaide's mother gave up employment to take care of her when she was injured, and the mother's loss of wages was allowed as an item of damage and testing the value of her services for the child. Her employment was that of a mill worker but if it had been to care for other children, her wages would not be the final measure of proper allowance for Adelaide's care, however great its weight as evidence to show such allowance. The rule of fair value is that the cost to obtain the service from others shall be allowed, and not the loss incurred in furnishing the service. This value the mother's husband may not have owed her, but his duty to support the child was not assumed or shared by his wife in a manner to relieve the defendants from charge for the care.

*New trial.*

WOODBURY, J., did not sit: the others concurred.